## J. P. CRUGER v. D. SULLIVAN & Co.

### No. 648.

**1. Judgment—Confession of, Where Petition is Not Sworn to.**

Plaintiff's petition, not sworn to, was filed, and citation thereon, returnable to next term of court, was forthwith issued and served on defendant, who appeared on the same day (court being then in session), and filed a confession of judgment and waiver of time. Held, that judgment was properly entered against defendant upon the same day the petition and confession of judgment were filed, and that art. 1347 of Revised Statutes, requiring the justness of the debt claimed to be sworn to, applies only where defendant appears without process.

**2. Same—Rate of Interest.**

Where the note sued on stipulates for ten per cent interest, the judgment properly bears that rate.

ERROR from Bexar. Tried below before Hon. W. W. KING.

*Solon Stewart,* for plaintiff in error.—Where the justness of the debt is not sworn to, the defendant, in order to authorize a ·judgment by

confession against him, must have been served with citation as required by law; and a citation issued and served upon him the same day the petition is filed, citing him to appear at the next succeeding term of the court, does not authorize the court to render judgment on confession of the defendant the same day the petition is filed. Rev. Stat., art. 1347; Pearce v. Tally, 8 Texas, 304; Flanagan v. Bruner, 10 Texas, 257; Gerald v. Burthie, 29 Tex., 203.

*Chas. W. Ogden*, for defendants in error.—A judgment by confession is not erroneous for want of an affidavit of the justness of the debt when the defendant has been served with process. Gerald v. Burthie, 29 Texas, 202; Chestnutt v. Pollard, 77 Texas, 88. The statute, when referring to appearance without process, means without service of process. A waiver or acceptance is by law as effectual as actual service. Flanagan v. Bruner, 10 Texas, 258.

NEILL, ASSOCIATE JUSTICE.—On May the 22, 1894, D. Sullivan & Co., defendants in error, filed their petition in the District Court of Bexar County against J. P. Cruger, plaintiff in error, on several promissory notes. The petition was not sworn to. The court being then in session, the petition prayed that the defendant be cited to the next succeeding term. On the same day citation was issued and served on the defendant, citing him to appear at the next term, commencing on the first Monday in October thereafter.

On the same day that the petition was filed and citation issued and served, the defendant, J. P. Cruger, came into court and filed therein with the papers in the cause a paper, which, after stating the style and number of the cause, and the court in which it was pending, is as follows: "Now comes the above named defendant and says that he cannot deny the action of plaintiffs herein, nor that he is justly indebted to the plaintiffs in the amounts claimed in their petition heretofore filed herein in the above entitled cause, and out of which cause citation has been this day duly served upon him; that he admits the amount of said indebtedness to be the sum of sixty-eight thousand seven hundred ninety-nine and seventy-two one-hundredths dollars, and hereby waives further time and agrees that judgment may be rendered against him in this court in the above numbered and entitled cause in favor of the plaintiffs therein for the sum of $68799.72 on this 22d day of May, 1894.

(Signed)   "J. P. Cruger."

On the same day the District Court, on the above confession of the defendant, entered judgment against him for the sum above stated and confessed, with interest thereon from date of judgment at the rate of ten per cent per annum, it being the rate of interest stipulated in the notes sued on. The judgment provided that execution should be stayed on it for six months from its date.

*Conclusion of law.* —It was not error for the District Court to enter the judgment on the day the petition was filed, the citation served, and confession of judgment made, nor to stipulate in the judgment that it should bear interest at the rate of ten per cent from its date. Art. 1347 of the Revised Statutes does not apply to cases where process has been served, and we do not feel authorized to extend it to such cases.

*Affirmed.*

Delivered October 9, 1895.

Writ of error refused.