## TYNER v. GLASS.
### No. 1956.

Court of Civil Appeals of Texas. Beaumont.
April 10, 1930.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for plaintiff in error.

George Sergeant and Taylor & Irwin, all of Dallas, for defendant in error.

O'QUINN, J.

Glass brought this suit, October 27, 1924, in the district court of Dallas county, Tex., against Tyner and the Grand Lake Company, a corporation, to recover $1,892.96 alleged to be a balance due and owing to him on an open account, and for $300 as attorney fees.

The defendant Grand Lake Company answered by general demurrer and general denial. Defendant A. E. Tyner did not appear for the reason later stated.

September 28, 1928, the case was called for trial, and plaintiff, Glass, dismissed his suit against the defendant Grand Lake Company, and, no answer having been filed by the defendant A. E. Tyner, judgment was rendered by default against him in favor of plaintiff for $1,892.96. Tyner then, duly perfected his appeal by writ of error.

Plaintiff in error's only proposition asserts that the judgment should be reversed because the citation to him from the trial court summoned him to answer at an impossible date, and was, therefore, void, and he was never served with lawful citation, that, he having never entered his appearance, the judgment by default was null' and void.

Plaintiff's petition was filed in the trial court October 27, 1924. Citation was issued same day. It commanded the defendant Tyner "to appear before the district court of the 68th Judicial District' of Texas, to be held in the courthouse in the City of Dallas, at or before ten o'clock, A. M., of the Monday next following the expiration of the twenty-five days from the date of this citation, being Monday at ten o'clock A. M. on the 24th day of October, A. D., 1924, then and there to answer the petition of W. T. Glass, filed in said court on the 27th day of October, A. D. 1924, against the said A. E. Tyner," etc. It will be observed that the citation commanded Tyner to appear and answer on a day prior to the filing of the petition—an impossible date. Therefore, the judgment by default was null and void. The provisions of article 2022, R. S. 1925, are mandatory, and its requirements must be strictly complied with in order to support a judgment by default. Martinez v. Watson (Tex. Civ. App.) 21 S.W.(2d) 54; Wright v. Wilmot, 22 Tex. 398.

The judgment is reversed, and the cause remanded.