## ROY CAMPBELL & CO. v. ROOTS.
### No. 4032.

Court of Civil Appeals of Texas. Amarillo.
May 17, 1933.

Rehearing Denied June 7, 1933.

Jesse G. Foster, of Raymondville, for appellants.

A. B. Crane, of Raymondville, for appellee.

JACKSON, Justice.

Roy Campbell & Co., a firm composed of Roy Campbell and Dan Pue, the appellants herein, instituted suit No. 339 in the county court of Willacy county against H. A. and R. W. Darling to recover the sum of $369.60, with interest and costs. Ancillary to their main suit appellants also filed a garnishment proceeding, No. 340, against Roy Roots, appellee herein, and caused a writ of garnishment to be issued and served upon him.

The appellants recovered judgment against H. A. and R. W. Darling at the June term of court for the amount sued for, and subsequent to obtaining said judgment, but at the same term of court, procured a default judgment in cause No. 340 against the garnishee for $369.60, interest and costs. After the expiration of the June term and the issuance of execution on the judgment against him, Roy Roots, on July 14, 1932, instituted this suit in the county court of Willacy county against Roy Campbell, Dan Pue, and H. T. Cragg, the sheriff of said county, to enjoin enforcing the execution and to set aside the judgment rendered against him in suit No. 340. He pleaded that the writ issued and served upon him was fatally defective, that the judgment was invalid, and alleged a good defense to the garnishment suit. The day application therefor was made, a temporary injunction was granted, and on September 17, 1932, the case was heard on its merits before the court without the intervention of a jury, and decree entered adjudging that the writ of garnishment was defective, the judgment invalid, and that Roy Roots had a good defense to the suit in garnishment and the temporary injunction was made permanent, from which judgment this appeal is prosecuted.

The record discloses that the writ of garnishment issued by the clerk of Willacy county and served on the appellee by the sheriff was dated April 14, 1922, commanding such officer to summon Roy Roots, garnishee, to be and appear before the county court of said county at the next term thereof, to be held at Raymondville on the 6th day of June, 1922.

Article 4079, R. C. S. 1925, in part provides: "When the foregoing requisites have been complied with, the judge, or clerk, or justice of the peace, as the case may be, shall docket the case in the name of the plaintiff as plaintiff, and of the garnishee as defendant; and shall immediately issue a writ of garnishment, directed to the sheriff or any constable of the county where the garnishee is alleged to reside or be, commanding him forthwith to summon the garnishee to appear before the court out of which the same is issued, on the first day of the ensuing term thereof, to answer upon oath," etc.

Article 4082 provides, among other things,

that: "The writ of garnishment shall be dated and tested as other writs."

In a garnishment proceeding, "the purpose of the writ is to cite the garnishee to appear at the time designated and to answer the inquiries upon oath," 20 Tex. Jur. 786, § 64; and also to impound the assets or property of a debtor in the hands of the garnishee, 20 Tex. Jur. 699, § 3.

"The requirement as to the summoning of the garnishee is imperative; a writ which cites a garnishee to appear at a date of the term of the court other than the first day of the ensuing term is defective and will not support a judgment by default." 20 Tex. Jur. 787, § 66.

A writ of garnishment serves several purposes; one is to notify the garnishee when and where he is required to answer the interrogatories propounded, and another to impound the money or effects that he may have in his possession belonging to the defendant in the main suit.

In the garnishment proceedings, the date on which the writ was issued and the date on which the garnishee was required to answer were, in our opinion, impossible dates.

It is settled law in this state that "a citation commanding the appearance of the defendant at an impossible date is void. Likewise a citation stating the petition was filed on an impossible date is void. A citation which requires the defendant to appear 'on the thirteenth Monday after the first Monday in September, A. D. 1922, the same being the 4th day of December, A. D. 1922,' is void because it requires his appearance on an impossible date. Likewise is a citation void which states that the petition was 'filed in a suit in said court on the 21st day of November, A. D. 1922,' as stating an impossible file date. The courts have universally held citations invalid unless all the provisions of the above statute are complied with. We therefore conclude that the citation is void, and that the judgment for damages against Ross in favor of Sechrist is void, because rendered upon such void citation." Ross v. Sechrist et al. (Tex. Civ. App.) 275 S. W. 287, 290, and authorities cited.

In Lamb-McAshan Co. v. Ellis et al. (Tex. Com. App.) 270 S. W. 547, 548, in passing upon a defective writ of garnishment, the Commission of Appeals says: "We are inclined to the opinion that the service was defective because it cited plaintiff in error to appear at a day of the term of the court other than the 'first day of the ensuing term.' This provision of the statute would appear to be peremptory."

If, as we have concluded, the writ of garnishment was fatally defective because it purported to be issued on an impossible date,

and commanded the garnishee to answer on an impossible date, the court acquired no jurisdiction over the person of the garnishee or his money or effects, and the judgment rendered in said suit was void.

Appellee's suit was in the nature of a bill of review. The court correctly determined that the writ of garnishment was fatally defective, and on sufficient testimony adjudged that the defenses to the garnishment suit were established by the testimony.

The motion to dismiss the appeal is overruled, and the judgment affirmed.