**JOHNSON et al. v. COLE et al.**
No. 8890.

Court of Civil Appeals of Texas. Austin.
March 13, 1940.

Rehearing Denied April 3, 1940.

Walter Miller, of Belton, and W. H. Reid, of Dallas, for plaintiffs in error.

Lee Curtis, of Belton, and Moore & Moore, of Paris, for defendants in error.

BAUGH, Justice.

On January 29, 1938, Robert Johnson and others filed this suit in the District Court of Bell County against T. W. Cole and others to vacate and set aside a personal judgment rendered in the same court on June 7, 1921, in favor of Cole against E. D. and Robert Johnson for the sum of $1,441.05. Other ancillary relief was sought against the sheriff, not material here. From a judgment denying the plaintiffs any relief this writ of error has been prosecuted.

The 1921 judgment against the Johnsons was attacked as void, or at least voidable, upon substantially the following grounds:

1. That Robert Johnson was never served with citation therein, and consequently the court never acquired jurisdiction to render any personal judgment against him.

2. That the citation therein purporting to have been served upon him was fatally defective, and constituted no service upon him, even if actually delivered to him.

3. That said judgment, based upon the recitals that "E. D. Johnson and Robert Johnson, by their attorney, having admitted that they are indebted to the plaintiff, T. W. Cole, in the sum of ($1,441.05) Fourteen Hundred and Forty One Dollars and $^{05}/_{100}$ Dollars," was invalid because neither the petition on which it was entered was verified, as required by Art. 2225, R.C.S. 1925; nor was any power of attorney filed and its contents recited in the judgment, authorizing such attorney to confess judgment, as required by said Article of the statute.

The Johnsons requested submission to the jury of these issues, which submissions were refused and judgment rendered for defendants in error.

We consider first the contention that the citation to Robert Johnson was fatally defective. This citation, the original of which has been presented for our inspection, shows that it was issued "this the 13th day of February A.D. 1920." It cited Robert Johnson to appear to answer the petition of plaintiffs filed "on the 16th day of May A.D. 1919," appearance to be on the first Monday in March, A.D. 1912 (according to plaintiffs in error's contention), or 1920 (according to defendants in error's contention). The sheriff's return thereon shows that it "Came to hand on the 13 day of Feb. 1912*0* at 10 a m," and was served on Robert Johnson, "2/16/1920/ 12 M in Belton."

Art. 2022, R.C.S. (Art. 1852, R.S. 1911), prescribes the requisites of a citation and is mandatory. See authorities under note 1, Vernon's Ann.Tex.Civ.Stats. And a citation which summons a defendant to appear at an impossible date is void. Martinez .v. Watson, Tex.Civ.App., 21 S.W.2d

54; Tyner v. Glass, Tex.Civ.App., 27 S.W. 2d 916; Campbell & Co. v. Roots, Tex.Civ. App., 60 S.W.2d 896; 33 Tex.Jur., § 18, p. 816.

■ The first irregularity in the citation here complained of is that it was shown on the sheriff's return to have come into his hands on the 13th day of February, 19120. The citation in question was issued upon a printed form, prepared for use between the years 1910 and 1920, wherein were printed the numerals 191—, thus leaving to be filled in only the last numeral to designate the proper year. Instead of striking out the 1 following the 19 on the printed form, and inserting 20, the sheriff manifestly inadvertently overlooked this numeral, which, of course, became inapplicable to the year 1920, and merely inserted in ink in the blank following the numerals 191—, the numerals 20. That this constituted a mere oversight or inadvertence is, we think, affirmatively obvious. And in view of the date the citation was issued and the date it was shown upon the return to have been served, no doubt can exist, and no reasonable interpretation be placed upon it, other than that it shows a receipt thereof by the sheriff on February 13, 1920, even if this portion of the return be essential to valid process. Art. 2025, R.C.S.1925, does direct the receiving officer to indorse on the citation the day and hour he received same; but we have found no case holding that this Article is mandatory; nor that failure of the sheriff to comply with it, where citation has been duly issued and duly and timely served upon a defendant, would render such service void. We fail to see how such irregularity could in any manner injure the defendant, if the citation were in all other respects in compliance with law. See Miller v. Davis, Tex.Civ.App., 180 S. W. 1140.

■ The second contention made is that the citation was void because it shows to have cited the defendant to appear "on the first Monday in March 1912," an impossible date. As stated above, the citation in question was prepared on a printed form wherein the numerals 191— were printed. The date in question was filled in on a typewriter, and shows the following: the numeral 1 following the 19 was stricken through with a diagonal line made by the typewriter, not by the numeral 1. Following this diagonal line in the blank space after the printed 191—, there was written the figure 2, and following 2, though indistinct but still legi-

ble on the original citation before us appears a 0 made by the typewriter. It is clear, we think, from these facts and circumstances, that the manifest intention and effort of the Clerk was to strike out the inapplicable 1 following the 19, and insert the numerals 20 following the 19, thus showing the term of court to which it was returnable to be the first Monday in March, 1920, and not 1912, as urged by plaintiffs in error. Not only was this the clear purpose and undertaking of the District Clerk, but we think it was effectually accomplished; that the defendant could not reasonably have construed it otherwise; and that the citation in reality apprized him of the true date of the next regular term of said court. Consequently, the citation did not indicate an impossible date, and was not void for that reason.

■■ The next contention made is that the trial court erred in refusing, upon request of plaintiffs in error, to submit to the jury the issue of whether or not Robert Johnson was in fact served with citation. This, of course, was but an attempted impeachment of the officer's return. The only evidence on this issue was the testimony of Robert Johnson that he was not served; and that of his brother, also a defendant in the original suit and against whom judgment was rendered in that suit, and a plaintiff in the instant suit to set it aside, to the effect that Robert Johnson could not have been in Bell County at the time the return showed that he was served. It was not controverted that the officer who executed said return died prior to the trial of the instant suit.

It is now settled that to impeach such a return, the testimony of one witness is not sufficient, that his testimony must be strongly corroborated, and that the proof must be clear and satisfactory. Gatlin v. Dibrell, 74 Tex. 36, 11 S.W. 908; Joseph v. Kiber, Tex.Civ.App., 260 S.W. 269; Barkate v. Allen, Tex.Civ.App., 282 S.W. 670; San Antonio Paper Co. v. Morgan, Tex. Civ.App., 53 S.W.2d 651; 33 Tex.Jur., § 78, p. 892. In Wedgeworth v. Pope, Tex.Civ. App., 12 S.W.2d 1045, 1049, writ refused, it was stated that such "evidence tending to impeach an officer's return must be conclusive and convincing, and not, like the ordinary issue of fact, determined by a mere preponderance of the testimony."

The burden was manifestly not met in the instant case, and the trial court did not err in refusing to submit the issue to the

jury. Not only was Robert Johnson's testimony not corroborated by competent evidence, but no steps were taken by him to vacate said judgment for almost 17 years after its rendition, though Robert Johnson, according to his own testimony, knew of its existence more than four years before he filed this suit, and did not then attack it until an execution had been levied upon his property.

 The next attack upon said judgment as rendering it void upon its face is that it does not recite service of process upon the defendants, and purports only to be a judgment by confession of the attorneys. That the petition on which it was rendered was not verified; and that no power of attorney to confess judgment was filed nor its contents recited in said judgment as required by Art. 2225, R.C.S.1925.

This Article, originally enacted 1846, provides that a defendant "may, without process, appear in person or by attorney, and confess judgment therefor in open court" upon the conditions thereinafter recited. It is clear that the proceeding therein provided contemplated lack of service of process, in which event, the terms of the statute should be complied with. Though not recited in the judgment, the sheriff's return showed, as above discussed, issuance and service of process on Robert Johnson. In Cruger v. Sullivan, 11 Tex.Civ.App. 377, 32 S.W. 448, writ refused, the court, speaking through Judge Neill, held that this Article "does not apply to cases where process has been served * * *"; and in Hopkins v. Howard, 12 Tex. 7, the Supreme Court held that a judgment by confession even without process was not void for non compliance with such statute, but only erroneous.

The judgment in question was not, therefore, void upon its face. The court had jurisdiction of the subject-matter and potential jurisdiction of the parties. And where a judgment in such case does not recite service of process, the entire record may be looked to to ascertain if actual jurisdiction has been acquired. Stockyards National Bank v. Presnall, 109 Tex. 32, 194 S.W. 384; Hopkins v. Cain, 105 Tex. 591, 143 S.W. 1145. When that is done we find that citation to Robert Johnson was duly issued and properly returned showing service thereof upon him, and the officer's return not successfully impeached. That being true, jurisdiction of the court over the person of that defendant was conclusively shown. These facts would have authorized a valid default judgment against him, immune against collateral attack.

 The judgment attacked, when the record therein is consulted, shows to be a valid judgment. That being true the burden rested upon Robert Johnson, even in a direct attack thereon, to show the contrary. According to his own testimony, he learned of the existence of this judgment in 1933 or 1934; and there was evidence strongly indicating that he knew of it prior to that time. He did not file this suit until January, 1938, though under no disability meantime. Under these facts he was barred by limitation of four years from attacking that judgment even in a direct suit to vacate it. Swearingen v. Swearingen, Tex.Civ.App., 193 S.W. 442, writ refused; 25 Tex.Jur., § 227, p. 643.

 The only other contention made is that the finding of the jury on the only issue submitted to them is contrary to the uncontroverted evidence. This issue was submitted to determine whether the plaintiff in error or his son owned a ½ interest in certain lands in Bell County, levied upon as the property of plaintiff in error. The son, Robert A. Johnson, joined in this suit, asserting title thereto. The interest involved was conveyed by deed from Halbert P. Johnson, brother of plaintiff in error, to Robert A. Johnson, without designating him as the senior or junior Johnson, on October 1, 1935. Plaintiff in error was the only witness on this issue, and testified that the grantee in that deed was his son, nephew of the grantor. He also testified, however, that his name was Robert A. Johnson, the same as that of his son, and that he had in the past executed instruments in writing as Robert A. Johnson. His being the only testimony, and he being a party to the suit and an interested witness, a jury issue as to identity of such grantee was presented, and the fact that the grantor was his brother, that his own name was Robert A. Johnson, and that he had therefore executed instruments in that name was sufficient to sustain the jury's finding that he, and not his son, was the grantee in the deed. Simmonds v. St. Louis, B. & M. R. Co., 127 Tex. 23, 91 S.W. 2d 332, 333.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.