## HANSON v. GUARDIAN TRUST CO. et al.

### No. 11155.

Court of Civil Appeals of Texas. Galveston.

April 10, 1941.

Rehearing Denied May 8, 1941.

.466

Walter S. Hart, of Houston, for appellant.

No brief filed for appellees.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the County Court at Law No. 2 of Harris County in an action brought by appellant, W. H. Hanson, on June 5, 1940, to recover the sum of $305 alleged to be due him as attorney's fee by Charley Burton and Gertie Burton.

On the same date, and ancillary thereto, appellant caused a writ of garnishment to be issued and served upon the Guardian Trust Company and Joe Heim. Said writ was served on both garnishees on June 6, 1940. It commanded the officer serving the writ to summon said garnishees to be and appear before "said court at the next term thereof to be held in Houston, in said county, on the first Monday in July, A. D. 1940." There is no direct evidence in the record concerning the terms of court of the County Court at Law No. 2 of Harris County; however, the "Caption" to the transcript of the record contains the following recitation: "At a term of the County Court at Law No. 2, begun on Monday, June 3rd, 1940, and holden at Houston within and for the County of Harris, State of Texas, before the Honorable Frank Williford, Jr., Judge, and ending on the 3rd day of August, 1940, the following case came on for trial, to-wit: No. 45,120-A, W. H. Hanson vs. Guardian Trust Company et al."

On June 20, 1940, garnishee, Joe Heim, filed his answer, denying that he was indebted to either of said defendants, and a motion to quash said garnishment proceedings. No answer was filed by garnishee, Guardian Trust Company. Appellant filed his controverting affidavit to said answer and motion of garnishee, Joe Heim, on June 22, 1940. On June 24, 1940, on a hearing on said motion to quash said garnishment proceedings, the trial court sustained said motion and rendered judgment that appellant take nothing against garnishee, Joe Heim, and that he be allowed the sum of $25 as attorney's fees, said sum to be taxed as costs against appellant.

No statement of facts was brought up with the record and no briefs have been filed by appellees.

The sole question presented in the appeal is whether the writ of garnishment served upon garnishees is sufficient from the face of the record and in compliance with the statutes applicable thereto.

■ It is the established law of this state that, in a garnishment proceeding, the purpose of the writ of garnishment is to notify the garnishee when and where he is required to answer the interrogatories propounded, and to impound the assets and property of a debtor in the hands of a third person which cannot ordinarily be seized by writs of execution and attachment. Roy Campbell & Co. v. Roots, Tex.Civ.App., 60 S.W.2d 896; 20 Tex. Jur., 786, Sec. 64; 20 Tex.Jur., 699, Sec. 3.

■ It has been uniformly held that a proceeding in garnishment is strictly statutory and that, since the issues to be determined and the procedure to be followed in such proceedings are clearly defined by statute, the rules of equity have no place therein and cannot be invoked.

Article 4079, Revised Civil Statutes, provides that the judge, clerk, or justice of the peace, as the case may be, shall docket the case and shall immediately issue a writ of garnishment directed to the sheriff or any constable of the county where the garnishee is alleged to reside or be, commanding him forthwith to summon the garnishee to appear before the court out of which the same is issued on the first day of the ensuing term thereof to answer under oath what, if anything, he owes the defendant and what effects, if any, of the defendant he has in his possession.

Article 4082, Revised Civil Statutes, provides that writ of garnishment shall be dated and tested as other writs.

■ In construing the above statutes it has been uniformly held that in a garnishment proceeding the statutory requirements as to the summoning of the garnishee are imperative and that a writ which cites a garnishee to appear at a date of the term of the court other than the first day of the ensuing term is defective and will not support a judgment by default. Roy Campbell & Co. v. Roots, Tex.Civ.App., 60 S.W.2d 896; Lamb-Mc-Ashan Co. v. Ellis, Tex.Com.App., 270 S.W. 547; 20 Tex.Jur., 788, Sec. 66.

■ Under the above authorities the writ of garnishment in the instant case is fatally defective in that it commands garnishees to appear before the court "at the next term thereof * * * on the first Monday in July, A. D. 1940", when it is apparent from the face of the record that the first Monday in July, 1940, was not "the first day of the ensuing term" of said court, on which garnishees were required to appear under said Article 4079, but that said date was within the term at which said garnishment proceeding was filed. It follows that the trial court acquired no jurisdiction over the persons or over the moneys or effects of either of the garnishees, and that no judgment could properly have been rendered except the judgment rendered quashing and dismissing said garnishment proceedings.

■ The record shows that on June 24, 1940, appellant caused an alias writ of garnishment, dated June 24, to be issued, commanding garnishees, the Guardian Trust Company and Joe Heim, to be and appear before the said court at the next term thereof to be held in Houston in said county "on the first Monday in August, 1940." This alias writ of garnishment was served on the Guardian Trust Company and on Joe Heim subsequent to the date of the judgment on which this appeal is based. Since these matters were not passed on by the trial court they are not before this court on appeal.

■ Appellant contends that the trial court erred in allowing an attorney's fee for filing an answer for garnishee, Joe Heim, and in charging said fee as a part of the costs in the case. This contention cannot be sustained.

Article 4100 (Revised Civil Statutes) provides that where garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff.

While no hearing was had on garnishee Joe Heim's answer as to his indebtedness to defendants, judgment was rendered by the trial court pursuant to his motion to quash said garnishment proceedings. The court, in his judgment, found that garnishee, Joe Heim, had employed said attorney to file said pleadings; that he

was entitled to a reasonable compensation to be paid his said attorney, and provided that the sum so allowed should be taxed as costs.

It follows from these conclusions that the judgment of the trial court should be in all things affirmed. It is so ordered.

Affirmed.