Reversed and Remanded and Opinion filed January 11, 2005









Reversed and Remanded and Opinion
filed January 11, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01312-CV

_______________

 

AL AGUILAR, Appellant

 

V.

 

FORREST LIVINGSTON, Appellee

_______________________________________________________

 

On Appeal from the County Civil Court
at Law No. 3

Harris County, Texas

Trial Court Cause No. 790,185

_______________________________________________________

 

O P I N I O N

Appellant, Al Aguilar, appeals the trial court=s denial of his motion for default
judgment in his suit against appellee, Forrest Livingston, and the subsequent
dismissal of the suit for want of prosecution. 
Because we find that the trial court erred in denying appellant=s motion for default judgment, we
reverse and remand.

Background








Appellant filed suit against appellee to recover for property
damage sustained in an automobile accident. 
Appellee was served on April 4, 2003; however, he did not answer the
suit.  Appellant filed a motion for
default judgment.  On October 1, 2003,
the trial court denied the motion for default judgment.  Although the trial court did not state the
reason for its ruling, appellant asserts that the trial court determined the
return of service was defective.[1]

Meanwhile, the trial court issued a notice of a status
conference and intent to dismiss for want of prosecution.  The order stated that the case would be
dismissed for want of prosecution if, among other reasons, a party failed to
appear for a status conference on November 4, 2003 or failed to notify the
court coordinator that a motion for default was pending at least fourteen days
prior to the status conference.  On
November 5, 2003, the trial court entered an order dismissing the case for want
of prosecution because the parties Ahaving been notified of the Status
Conference . . . failed to appear.@ 
This appeal followed. 

Denial of Motion for Default
Judgment








In his first issue, appellant contends that the trial court
erred in denying his motion for default judgment.  Ordinarily, the denial of a default judgment
is an interlocutory order not subject to appeal.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014 (Vernon Supp. 2004B05); see also Hines v. Flores,
No. 09‑02‑519 CV, 2003 WL 1848656, at *1 (Tex. App.CBeaumont Apr. 10, 2003, order) (not
designated for publication).  However,
appellate courts have considered the denial of a default judgment when, as
here, the denial is challenged in an appeal from a final judgment or
order.  See Aguilar v. Alvarado,
39 S.W.3d 244, 247B48 (Tex. App.CWaco 1999, pet. denied); see also Thomas v. Univ. of Texas
Med. Branch at Galveston, Nos. 01‑03‑00471‑CV,
01-03-00472-CV, 2004 WL 1516456, at *4 (Tex. App.CHouston [14th Dist.] July 8, 2004, no
pet.) (not designated for publication); Holleman v. West End Cab Co.,
No. 07-99-0232-CV, 2000 WL 898003, at *2 (Tex. App.CAmarillo July 6, 2000, pet. denied)
(not designated for publication).  These
courts have reviewed the denial of a motion for default judgment under the
abuse of discretion standard.  See
Aguilar, 39 S.W.3d at 247B48; see also Thomas, 2004 WL
1516456, at *4; Holleman, 2000 WL 898003, at *2.  

While a determination of factual matters is left to the sound
discretion of the trial court, a trial court=s failure to analyze or apply the law
correctly is an abuse of discretion.  Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). 
Here, the facts are undisputed because there is no appellee=s brief, see Tex. R. App. P. 38.1(f), and the return
of service at issue is included in the record. 
Therefore, we will determine whether the trial court failed to correctly
analyze and apply the law to the facts.  See
id.

At any time after a defendant is required to answer, the
plaintiff may take a default judgment if the defendant has not previously filed
an answer, and the citation with the officer=s return has been on file with the
clerk for ten days.  See Tex. R. Civ. P. 239; Tex. R. Civ. P. 107.  Here, appellee did not file an answer, and
the citation and return of service had been on file for ten days when appellant
moved for a default judgment.

According to appellant, the trial court determined that the
return of service is defective because it did not show the city and state of
service.  However, the trial court=s order denying the motion for
default judgment does not indicate that the trial court determined the return
is defective, much less why it is defective.[2]  Nonetheless, ADefective Service@ is hand-written at the bottom of the
citation, and ARet Defective Dwp 11-4@ is hand-written on the motion for
default judgment.  Therefore, presumably
the trial court did determine that the return is defective.








However, we conclude that the return is not defective.  A return must state when the citation was
served, state the manner of service, and be signed officially by the officer
affecting service.  Tex. R. Civ. P. 107; see Houston
Pipe Coating Co. v. Houston Freightways, Inc., 679 S.W.2d 42, 44 (Tex. App.CHouston [14th Dist.] 1984, writ ref=d n.r.e.).  This return states when the citation was
served, states the manner of service, and is signed officially by the officer
affecting service.

Even if we assume that the trial court determined the return
is defective because it does not show both the city and state of service, we
note that Rule 107 does not even require that a return show the place of
service.  See Tex. R. Civ. P. 107; Hudler‑Tye
Const., Inc. v. Pettijohn & Pettijohn Plumbing, Inc., 632 S.W.2d 219,
221 (Tex. App.CFort Worth 1982, no writ)
(recognizing Rule 107 has no requirement that the return show the place of
service).  However, Rule 16, governing
processes in general, requires that the officer state the place of service on
the Aprocess.@ 
Tex. R. Civ. P. 16
(emphasis added); see Hudler‑Tye Const., Inc., 632 S.W.2d at
221.  It is unclear whether Rule 16
requires that the place of service be included on both the citation and the
return.  Nevertheless, even if Rules 16
and 107 conflict, this return clearly shows the place of service.  The Dallas County officer stated that service
was executed in Dallas County, Texas by delivering the citation to
appellee at 1334 Carson St.  Moreover,
the officer indicated on the citation that appellee was served at 1334
Carson St., Dallas, Texas. 
Therefore, service is not defective.








The only slight irregularity on the return is the officer=s failure to show the time that he
received the citation on the blank space included for that purpose.[3]  Rule 107 does not require that a return state
the time that the officer received the citation.  See Tex.
R. Civ. P. 107.  However, Rules 16
and 105 provide that the officer to whom a process is delivered shall endorse
on the Aprocess@ the date and hour he received
it.  Tex.
R. Civ. P. 16 (emphasis added); Tex.
R. Civ. P. 105 (emphasis added). 
Again, it is unclear whether Rules 16 and 105 require that both the
citation and return show the hour the officer received the citation.  Nevertheless, to the extent Rules 16 and 105
conflict with Rule 107, the citation shows the date and time it was received by
the Dallas County constable.  Therefore,
we cannot conclude that the officer=s failure to also note the time he
received the citation on the return renders service defective.  See Johnson v. Cole, 138 S.W.2d 910,
912 (Tex. Civ. App.CAustin 1940, writ ref=d) (finding that mistake on return of
service as to the date officer received the citation did not render service
void because citation was duly issued, duly and timely served upon defendant,
and complied with the law in all other respects).

In sum, because appellee failed to answer the suit, and a
valid return of service was on file for at least ten days when appellant moved
for default judgment, appellant was entitled to a default judgment.  See Tex.
R. Civ. P. 239; Tex. R. Civ. P. 107.  Therefore, the trial court abused its
discretion in denying appellant=s motion for default judgment.  See Walker, 827 S.W.2d at 840.  Accordingly, we sustain appellant=s first issue.[4]








However, remand is necessary for the award of damages and
rendition of final judgment.  When a
default judgment is rendered, if the claim is liquidated and proved by an
instrument in writing, the damages shall be assessed by the court, or under its
direction, and final judgment shall be rendered, unless the defendant demands
and is entitled to a jury trial.  See Tex. R. Civ. P. 241.  If the claim is unliquidated or not proved by
an instrument in writing, the court shall hear evidence as to damages and
render judgment, unless the defendant demands and is entitled to a jury trial.  See Tex.
R. Civ. P. 243.  Here, it is
unclear whether the damages are liquidated or unliquidated.[5]  Regardless, in either case, the trial court
must award damages according to the prescribed procedure and render final
judgment.  See Tex. R. Civ. P. 241; Tex. R. Civ. P. 243.

Accordingly, because the trial court erred in denying the
motion for default judgment, we reverse the subsequent order dismissing the
case and remand for further proceedings consistent with this opinion.

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Opinion filed January 11, 2005.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.

 

 











[1]  On October 7,
2003, appellant filed a motion to reconsider denial of his motion for default
judgment.  The record does not reflect a
ruling on the motion to reconsider.





[2]  Appellant
refers to a Astandard-form order@
attached to the trial court=s order stating, AA DEFECT
IN THE RETURN@ and Ano complete address including CITY/STATE.@  However, this Astandard-form order@ is not
included in the record.  





[3]  The return
shows the date the officer received the citation, but not the hour.





[4]  Based on our
disposition of appellant=s first issue, we need not address his second issue
complaining that the trial court improperly dismissed the suit for want of
prosecution.  We note that the trial
court stated in the dismissal order that appellant failed to appear at the
status conference.  However, if the trial
court had properly granted the default judgment, there would have been no need
for a status conference a month later and no Awant of
prosecution@ prompting dismissal.





[5]  A claim is
liquidated if the amount of damages may be accurately calculated by the trial
court from the factual, as opposed to the conclusory, allegations in the
plaintiff=s petition and the instrument in writing.  Abcon Paving, Inc. v. Crissup, 820
S.W.2d 951, 953 (Tex. App.CFort Worth 1991, no writ); Higgins v. Smith,
722 S.W.2d 825, 827 (Tex. App.CHouston [14th Dist.] 1987, no writ).  Here, the appellant=s petition and the instrument in writing conflict as
to the amount of damages.  In his
petition, appellant alleges that the cost to repair his vehicle was
$7,000.  However, the affidavit of an
insurance claims examiner and supporting appraisal attached to the motion for
default judgment show that the cost to repair the vehicle was $6,657.31.  On remand, the trial court can determine whether
the damages are liquidated or unliquidated and award damages according to the
appropriate procedure.