**Mark A. CANTU, Appellant,**

v.

**Juan Lopez BUTRON, Individually, et al., Appellees.**

No. 13–94–088–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 3, 1995.

Rehearing Overruled Sept. 7, 1995.

---

1. Perhaps the Court of Appeals can be forgiven    for misunderstanding this nuance.

Lisa Nichols, Shelby Jordan, Jordan & Shaw, Corpus Christi, for appellant.

Robert W. Johnson, Jr., Corpus Christi, Scott Walsh, Jarvis & Kittleman, McAllen, for appellees.

Before SEERDEN, C.J., and CHAVEZ and RODRIGUEZ, JJ.

### OPINION

SEERDEN, Chief Justice.

This is an appeal from an order requiring a judgment debtor to pay the garnishee bank's attorney's fees in a postjudgment garnishment action. By two points of error, the judgment debtor complains that the trial court should have taxed the bank's attorney's fees against the garnishor. We affirm.

Juan Lopez Butron and several other plaintiffs (referred to collectively as "Lopez") recovered a judgment against Mark Cantu, their former attorney. Lopez applied for a postjudgment writ of garnishment to facilitate collecting that judgment. The trial court issued the writ, which Cantu attacked in an emergency motion to dissolve. After conducting a hearing, the trial court denied Cantu's motion to dissolve the writ of garnishment. The garnishee bank subsequently filed an answer requesting recovery of its costs and attorney's fees under Rule 677 of the Texas Rules of Civil Procedure.

One month after the bank's answer, Cantu filed a supersedeas bond to suspend execution of the underlying judgment. Once Cantu's supersedeas bond was approved, Lopez moved to have the writ of garnishment dissolved. After conducting a hearing on Lopez's motion to dissolve, the trial court ordered Cantu to pay the bank's costs and attorney's fees. By two points, Cantu attacks the trial court's assessment of costs and attorney's fees and the court's denial of his motion for new trial raising the same issue.

Under both points of error, Cantu contends that Rule 677 requires Lopez to bear the garnishee bank's costs and attorney's fees because Lopez moved to have the writ dissolved. We disagree.

Rule 677 provides as follows:

Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee

has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided for in this section; where the answer is contested, the costs shall abide the issue of such contest.

Tex.R.Civ.P. 677. In this case, the garnishee bank was not discharged upon its answer. In the time between the filing of the bank's answer and the dissolution of the writ, Cantu filed a supersedeas bond and the trial court conducted a hearing on the matter. The garnishee bank was discharged upon these intervening events.

Because Rule 677 does not mandate which party should bear the garnishee bank's expenses in the circumstances of the instant case, the matter lies within the discretion of the trial court. *May v. Donalson,* 141 S.W.2d 702, 706 (Tex.Civ.App.—San Antonio 1940, no writ) (construing identically worded statutory predecessor to Rule 677). We apply the same abuse-of-discretion standard to our review of Cantu's point of error regarding the denial of his motion for new trial. *Champion Int'l Corp. v. Twelfth Court of Appeals,* 762 S.W.2d 898, 899 (Tex.1988) (orig. proceeding); *Twenty–Four Thousand One Hundred Eighty Dollars in U.S. Currency v. State,* 865 S.W.2d 181, 186 n. 4 (Tex.App.—Corpus Christi 1993, writ denied).

The appellate record in this case does not include a statement of facts from the hearing on the motion to dissolve the writ of garnishment. Because Cantu has not brought forward a record sufficient to completely address his two points of error, we presume that the omitted portions of the record support the judgment. *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 689 (Tex. 1990); *Cecil v. T.M.E. Inv., Inc.,* 893 S.W.2d 38, 47 (Tex.App.—Corpus Christi 1994, n.w.h.); *see also* Tex.R.App.P. 50(d) (appellant bears burden of seeing that "sufficient record is presented to show error requiring reversal").

We cannot conclude that the trial court abused its discretion from the limited record before us. Accordingly, we overrule both of Cantu's points of error and affirm the trial court's judgment.