# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00395-CV

**Zeecon Wireless Internet, LLC, Appellant**

**v.**

**American Bank of Texas, N.A., and Joanna McEwen, Appellees**

## FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
## NO. 32423, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## DISSENTING OPINION

Zeecon Wireless Internet, LLC, the judgment debtor who intervened in the underlying garnishment action, challenges the district court's authority, in dissolving the writ of garnishment, to order the garnished funds partially disbursed to appellees American Bank of Texas, N.A., and Joanna McEwen.[1] Given the district court's unchallenged findings of fact, its conclusions of law, and an unrecorded evidentiary hearing on Zeecon's motion to dissolve the writ of garnishment, I would affirm the district court's order. I, therefore, respectfully dissent.

I begin by reviewing the procedural posture of this case. After McEwen obtained a judgment against Zeecon, she obtained and served a writ of garnishment on American Bank, a

---

[1] Appellees did not file briefs with this Court. The attorney of record for McEwen filed a letter with this Court stating that the cost to prepare and file a brief would exceed the amount in controversy and urging that Zeecon had failed to show error in its brief.

financial institution where Zeecon maintained an account. American Bank answered and garnished funds in Zeecon's account in the amount of $8,200.00. Zeecon subsequently filed a supersedeas bond in the underlying judgment and intervened in the garnishment action. Zeecon then filed a motion to dismiss and dissolve the writ of garnishment and suspend enforcement of judgment. In its motion, Zeecon asserted three independent grounds: (i) the supersedeas bond suspended enforcement of the underlying judgment, (ii) the writ of garnishment was not properly served, and (iii) the affidavit to support the writ of garnishment was insufficient.

After conducting an evidentiary hearing, the district court dissolved the writ of garnishment and ordered American Bank to disburse the garnished funds to McEwen in the sum of $860.00 for costs and attorney's fees, to counsel for American Bank in the sum of $500.00, and the balance to Zeecon. In connection with its order, the district court made the following findings of fact:

1. At the time Plaintiff filed its application for writ of garnishment, Defendant Zeecon Wireless Internet, LLC had not filed a supersedeas bond to suspend enforcement of the underlying judgment in Cause No. 30,349 styled *Joanna McEwen vs. Zeecon Wireless Internet, LLC*.

2. At the time American Bank of Texas, N.A. was served with the writ of garnishment, Defendant Zeecon Wireless Internet, LLC had not filed a supersedeas bond to suspend enforcement of the underlying judgment in Cause No. 30,349.

3. After American Bank of Texas, N.A. was served with the writ of garnishment, Defendant Zeecon Wireless Internet, LLC filed a supersedeas bond to suspend enforcement of the underlying judgment in Cause No. 30,349.

4. After American Bank of Texas, N.A. filed an answer in this cause, Defendant Zeecon Wireless Internet, LLC filed a motion to dissolve writ of garnishment and to suspend enforcement of judgment.

5. Plaintiff incurred reasonable and necessary attorney's fees in the amount of $500.00 in this cause prior to the filing of the supersedeas bond in the underlying action by Zeecon Internet Wireless, LLC.

6. The sum of $500.00 is a reasonable and necessary attorney's fees for the Plaintiff for its costs incurred, in the preparation of the Application for Writ of Garnishment.

7. Plaintiff incurred costs in the amount of $330.00 in this cause.

8. On or about January 11, 2006, the clerk of the court issued a writ of garnishment after judgment (the "Writ of Garnishment") to American Bank of Texas, N.A., as garnishee (the "Garnishee").

9. The Writ of Garnishment was served on the Garnishee on January 18, 2006.

10. On the date that the Writ of Garnishment was served on Garnishee, Garnishee was indebted to Zeecon Wireless Internet, LLC (the "Judgment Debtor"). The amount of Garnishee's indebtedness to the Judgment Debtor exceeded the amount of the Plaintiff's judgment against the Judgment Debtor with interest and costs.

11. Thereafter, the Plaintiff, Joanna McEwen, agreed to permit Garnishee to release to the Judgment Debtor all funds held by the Garnishee in the Judgment Debtor's account except for the sum of $8,200.00.

12. On or about February 8, 2006, the Garnishee filed its Original Answer to Writ of Garnishment and Motion for Interpleader ("Garnishee's Answer"), verified under oath, in accordance with Rule 665, Texas Rules of Civil Procedure.

13. Garnishee served its Answer on both the Plaintiff, Joanna McEwen, and the Judgment Debtor, Zeecon Wireless, LLC, in accordance with Rule 21, Texas Rule of Civil Procedure.

14. Neither the Plaintiff, Joanna McEwen, nor the Judgment Debtor, Zeecon Wireless, LLC, controverted Garnishee's Answer.

3

15.    Garnishee was an innocent holder of funds that were in dispute between the Plaintiff and the Judgement Debtor.

16.    Garnishee incurred reasonable and necessary attorney's fees in the amount of $500.00 responding to the Writ of Garnishment.

17.    The sum of $500.00 is a reasonable compensation to the Garnishee for its costs incurred, including reasonable and necessary attorney's fees, responding to the Writ of Garnishment.


The district court also concluded as a matter of law:


1.    Plaintiff is entitled to recover reasonable attorney's fees and court costs in connection with the Application for Writ of Garnishment, in the total sum of $830.00.

2.    The filing of the supersedeas bond in the underlying action by Judgment Debtor suspended the enforcement of the judgment in the underlying cause, and abated the garnishment proceedings in this cause.

3.    Garnishee is entitled to be discharged based upon its uncontroverted Answer upon payment of the sum of $8,200 into the Registry of the Court.

4.    Garnishee is entitled to recover reasonable compensation in the amount of $500.00 from the Judgment Debtor, Zeecon Wireless, LLC, for Garnishee's costs incurred, including reasonable and necessary attorney's fees, in responding to the Writ of Garnishment.


Zeecon contends in its "sole issue presented" that the district court did not have the authority or jurisdiction to order the garnished funds partially disbursed to American Bank and McEwen because the garnishment was invalid. Zeecon urges that the writ of garnishment was invalid because Zeecon was not served with process in accordance with rule 663a of the Texas Rules of Civil Procedure and the affidavit supporting the application for the writ of garnishment did not meet the requirements of section 63.001(3) of the civil practice and remedies code because it did not

4

state that it was "within the plaintiff's knowledge." *See* Tex. R. Civ. P. 663a; Tex. Civ. Prac. & Rem. Code Ann. § 63.001(3) (West 2008).[2]

Rule 664a expressly authorizes a court, upon dissolving a writ of garnishment, to issue orders concerning the disposition of the garnished property "as justice may require." *See* Tex. R. Civ. P. 664a. Rule 664a provides in relevant part:

> A defendant whose property or account has been garnished or any intervening party who claims an interest in such property or account, may by sworn written motion, seek to vacate, dissolve or modify the writ of garnishment, and the order directing its issuance, for any grounds or cause, extrinsic or intrinsic.
>
> * * *
>
> The court's determination may be made upon the basis of affidavits, if uncontroverted, setting forth such facts as would be admissible in evidence; otherwise, the parties shall submit evidence. The court may make all such orders including orders concerning the care, preservation or disposition of the property . . . as justice may require.

*Id*.

---

[2] Texas Rule of Civil Procedure 663a provides in relevant part:

> The defendant shall be served in any manner prescribed for service of citation or as provided in Rule 21a with a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court as soon as practicable following the service of the writ.

Tex. R. Civ. P. 663a. Section 63.001(3) provides in relevant part: "A writ of garnishment is available if . . . a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." Tex. Civ. Prac. & Rem. Code Ann. 63.001(3) (West 2008); *see also* Tex. R. Civ. P. 658 (application for writ of garnishment "shall be supported by affidavits of the plaintiff, his agent, his attorney, or other person having knowledge of relevant facts").

The district court found that (i) at the time McEwen filed her application for writ of garnishment, Zeecon had not filed a supersedeas bond to suspend the enforcement of the underlying judgment, (ii) McEwen incurred $500.00 in attorney's fees prior to the bond being filed and costs in the amount of $330.00, (iii) American Bank incurred $500.00 in responding to the writ of garnishment, (iv) American Bank was an innocent holder of funds in dispute, (v) American Bank answered the writ in accordance with rule 665 of the rules of civil procedure, (vi) the parties did not controvert American Bank's answer, and (vii) American Bank served its answer on Zeecon in accordance with rule 21 of the rules of civil procedure.

Consistent with Zeecon's position in its briefing and the unchallenged findings of fact,[3] I would conclude that the district court dissolved the writ of garnishment and ordered the disposition of the garnished funds based upon Zeecon's filing of the supersedeas bond in the underlying litigation and that, as part of its order dissolving the garnishment based upon the supersedeas bond, the district court had jurisdiction over the garnished property and was authorized to order the disposition of the garnished funds to parties other than the judgment debtor. *See id.*; *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986) (unchallenged findings of fact are

---

[3] Zeecon states in its appellant brief that the district court "granted [Zeecon's] motion to dismiss and dissolve the writ of garnishment based upon a supersedeas bond being filed." Despite Zeecon's concession in its briefing and the majority's recognition that the district court's findings of fact and conclusions of law "suggest that the court may have been motivated, at least in part, by the fact that Zeecon had, by then, filed a supersedeas bond," the majority concludes that the district court's basis for dissolving the writ has no bearing on the outcome of this appeal. But the district court's findings of fact "form the basis of the judgment." *See* Tex. R. Civ. P. 299.

binding on an appellate court unless the contrary is established as a matter of law or if there is no evidence to support the finding).[4]

The reasoning in *Cantu v. Butron*, 905 S.W.2d 718, 720 (Tex. App.—Corpus Christi 1995, writ denied), is instructive. In *Cantu*, as here, the trial court dissolved a writ of garnishment based upon a judgment debtor filing a supersedeas bond in an underlying litigation after the garnishee bank had filed an answer in the garnishment proceeding, and the issue on appeal concerned the payment of fees arising from the garnishment proceeding. *See id.* The judgment debtor contended on appeal that the trial court erred in ordering the judgment debtor to pay the garnishee bank's attorney's fees because the garnishor was the party that filed the motion to dissolve. *Id.* Citing rule 677 of the rules of civil procedure, our sister court concluded that the bank was not discharged on its answer but on "these intervening events" [the supersedeas bond] and, in that situation, it was within the trial court's discretion to determine which party should bear the garnishee's expenses upon dissolution of the writ. *See id.*; *see also* Tex. R. Civ. P. 677. Similarly, it was within the district court's discretion here to determine the party to bear expenses upon

---

[4] There is authority that McEwen, as a garnishor in a garnishment action, is not entitled to the award of attorney's fees, but Zeecon did not raise this ground for reversing the award of attorney's fees with the district court or with this Court and has failed to preserve this issue for our review. *See* Tex. R. App. P. 33.1(a); *General Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 710 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (noting that rule 677 does not provide for a garnishor's recovery of attorney's fees). In contrast, a garnishee may recover its costs from the judgment debtor when the garnishee files an uncontroverted answer pursuant to Texas Rule of Civil Procedure 677. *See* Tex. R. Civ. P. 677 ("[W]here the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant [judgment debtor] and included in the execution provided for in this section."). The term "costs" in this rule has been interpreted to include attorney's fees. *See General Elec. Capital Corp.*, 230 S.W.3d at 710; *Henry v. Insurance Co. of N. Am.*, 879 S.W.2d 366, 369 (Tex. App.—Houston [14th Dist.] 1994, no writ).

7

dissolution of the writ based on Zeecon's filing of a supersedeas bond after judgment in the underlying litigation. *See also General Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 705 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (review of trial court's ruling on motion to dissolve writ of garnishment is abuse of discretion).

The majority reverses the district court's disposition of the garnished funds based upon its finding that the "record in this case contains conclusive proof that McEwen failed to comply with the rule 663a requirement that the garnishor serve the judgment debtor with a copy of the writ of garnishment, the application for the writ, accompanying affidavits, and orders of the court." *See* Tex. R. Civ. P. 663a. Based upon this finding, the majority then concludes that the district court did not acquire jurisdiction over Zeecon's property. *See Mendoza v. Luke Fruia Invs. Inc.*, 962 S.W.2d 650, 652 (Tex. App.—Corpus Christi 1998, no pet.) (trial court erred in granting writ of garnishment; court has no control or custody of debtor's property unless debtor properly served); *Walnut Equip. Leasing v. J-V Dirt & Loam*, 907 S.W.2d 912, 915 (Tex. App.—Austin 1995, writ denied) (voluntary appearance by debtor in garnishment proceeding does not cure a garnishor's failure to serve the debtor). That a garnishment judgment may be void based upon a garnishor's failure to serve the judgment debtor in accordance with rule 663a, however, is not dispositive here.

Although the district court did not expressly find—and the record does not show—that McEwen served Zeecon with a copy of the writ of garnishment, the application, and accompanying affidavits in accordance with rule 663a, I cannot join the majority's conclusion that the proof was conclusive that McEwen did not do so. *See* Tex. R. Civ. P. 663a; *see also* Tex. R. Civ. P. 21a (methods of service). The majority relies not upon evidence in the record but upon

8

statements in Zeecon's brief that McEwen did not properly serve Zeecon and McEwen's failure to contend otherwise. But it was Zeecon's burden "to see that a sufficient record [was] presented to show error requiring reversal." *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987); *Cantu*, 905 S.W.2d at 720. The district court states in its order that it heard evidence at the hearing on Zeecon's motion. Absent a record of the hearing, we must presume that adequate evidence was presented at the hearing to support the trial court's order authorizing the disbursement of the garnished funds. *See Simon*, 739 S.W.2d at 795; *Cantu*, 905 S.W.2d at 720.

On this limited record, I would affirm the district court's order.

_____

Jan P. Patterson, Justice

Before Chief Justice Jones, Justices Patterson and Puryear

Filed:   January 20, 2010