TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00395-CV






Zeecon Wireless Internet, LLC, Appellant


v.


American Bank of Texas, N.A., and Joanna McEwen, Appellees






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 32423, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING



 


D I S S E N T I N G O P I N I O N

 

 Zeecon Wireless Internet, LLC, the judgment debtor who intervened in the underlying
garnishment action, challenges the district court's authority, in dissolving the writ of garnishment,
to order the garnished funds partially disbursed to appellees American Bank of Texas, N.A., and
Joanna McEwen. (1) Given the district court's unchallenged findings of fact, its conclusions of law,
and an unrecorded evidentiary hearing on Zeecon's motion to dissolve the writ of garnishment, I
would affirm the district court's order. I, therefore, respectfully dissent.

 I begin by reviewing the procedural posture of this case. After McEwen obtained a
judgment against Zeecon, she obtained and served a writ of garnishment on American Bank, a
financial institution where Zeecon maintained an account. American Bank answered and garnished 
funds in Zeecon's account in the amount of $8,200.00. Zeecon subsequently filed a supersedeas
bond in the underlying judgment and intervened in the garnishment action. Zeecon then filed a
motion to dismiss and dissolve the writ of garnishment and suspend enforcement of judgment. In
its motion, Zeecon asserted three independent grounds: (i) the supersedeas bond suspended
enforcement of the underlying judgment, (ii) the writ of garnishment was not properly served, and
(iii) the affidavit to support the writ of garnishment was insufficient. 

 After conducting an evidentiary hearing, the district court dissolved the writ of
garnishment and ordered American Bank to disburse the garnished funds to McEwen in the sum of
$860.00 for costs and attorney's fees, to counsel for American Bank in the sum of $500.00, and the
balance to Zeecon. In connection with its order, the district court made the following findings
of fact:

 

 1. At the time Plaintiff filed its application for writ of garnishment, Defendant
Zeecon Wireless Internet, LLC had not filed a supersedeas bond to suspend
enforcement of the underlying judgment in Cause No. 30,349 styled
Joanna McEwen vs. Zeecon Wireless Internet, LLC.


 2. At the time American Bank of Texas, N.A. was served with the writ of
garnishment, Defendant Zeecon Wireless Internet, LLC had not filed a
supersedeas bond to suspend enforcement of the underlying judgment in
Cause No. 30,349.


 3. After American Bank of Texas, N.A. was served with the writ of
garnishment, Defendant Zeecon Wireless Internet, LLC filed a supersedeas
bond to suspend enforcement of the underlying judgment in Cause
No. 30,349. 


 4. After American Bank of Texas, N.A. filed an answer in this cause, Defendant
Zeecon Wireless Internet, LLC filed a motion to dissolve writ of garnishment
and to suspend enforcement of judgment.


 5. Plaintiff incurred reasonable and necessary attorney's fees in the amount of
$500.00 in this cause prior to the filing of the supersedeas bond in the
underlying action by Zeecon Internet Wireless, LLC.


 6. The sum of $500.00 is a reasonable and necessary attorney's fees for the
Plaintiff for its costs incurred, in the preparation of the Application for Writ
of Garnishment.


 7. Plaintiff incurred costs in the amount of $330.00 in this cause.


 8. On or about January 11, 2006, the clerk of the court issued a writ of
garnishment after judgment (the "Writ of Garnishment") to American Bank
of Texas, N.A., as garnishee (the "Garnishee").


 9. The Writ of Garnishment was served on the Garnishee on January 18, 2006.


 10. On the date that the Writ of Garnishment was served on Garnishee, Garnishee
was indebted to Zeecon Wireless Internet, LLC (the "Judgment Debtor"). 
The amount of Garnishee's indebtedness to the Judgment Debtor exceeded
the amount of the Plaintiff's judgment against the Judgment Debtor with
interest and costs.


 11. Thereafter, the Plaintiff, Joanna McEwen, agreed to permit Garnishee to
release to the Judgment Debtor all funds held by the Garnishee in the
Judgment Debtor's account except for the sum of $8,200.00.


 12. On or about February 8, 2006, the Garnishee filed its Original Answer to Writ
of Garnishment and Motion for Interpleader ("Garnishee's Answer"), verified
under oath, in accordance with Rule 665, Texas Rules of Civil Procedure.


 13. Garnishee served its Answer on both the Plaintiff, Joanna McEwen, and the
Judgment Debtor, Zeecon Wireless, LLC, in accordance with Rule 21, Texas
Rule of Civil Procedure.


 14. Neither the Plaintiff, Joanna McEwen, nor the Judgment Debtor,
Zeecon Wireless, LLC, controverted Garnishee's Answer.


 15. Garnishee was an innocent holder of funds that were in dispute between the
Plaintiff and the Judgement Debtor.


 16. Garnishee incurred reasonable and necessary attorney's fees in the amount of
$500.00 responding to the Writ of Garnishment.


 17. The sum of $500.00 is a reasonable compensation to the Garnishee for its
costs incurred, including reasonable and necessary attorney's fees, responding
to the Writ of Garnishment.


 

 The district court also concluded as a matter of law:

 

 1. Plaintiff is entitled to recover reasonable attorney's fees and court costs in
connection with the Application for Writ of Garnishment, in the total sum of
$830.00.


 2. The filing of the supersedeas bond in the underlying action by Judgment
Debtor suspended the enforcement of the judgment in the underlying cause,
and abated the garnishment proceedings in this cause. 


 3. Garnishee is entitled to be discharged based upon its uncontroverted Answer
upon payment of the sum of $8,200 into the Registry of the Court.


 4. Garnishee is entitled to recover reasonable compensation in the amount of
$500.00 from the Judgment Debtor, Zeecon Wireless, LLC, for Garnishee's
costs incurred, including reasonable and necessary attorney's fees, in
responding to the Writ of Garnishment.



 Zeecon contends in its "sole issue presented" that the district court did not have the
authority or jurisdiction to order the garnished funds partially disbursed to American Bank and
McEwen because the garnishment was invalid. Zeecon urges that the writ of garnishment was
invalid because Zeecon was not served with process in accordance with rule 663a of the Texas Rules
of Civil Procedure and the affidavit supporting the application for the writ of garnishment did not
meet the requirements of section 63.001(3) of the civil practice and remedies code because it did not
state that it was "within the plaintiff's knowledge." See Tex. R. Civ. P. 663a; Tex. Civ. Prac.
& Rem. Code Ann. § 63.001(3) (West 2008). (2) 

 Rule 664a expressly authorizes a court, upon dissolving a writ of garnishment, to
issue orders concerning the disposition of the garnished property "as justice may require." See Tex.
R. Civ. P. 664a. Rule 664a provides in relevant part:

 

 A defendant whose property or account has been garnished or any intervening party
who claims an interest in such property or account, may by sworn written motion,
seek to vacate, dissolve or modify the writ of garnishment, and the order directing its
issuance, for any grounds or cause, extrinsic or intrinsic.


* * * 


 The court's determination may be made upon the basis of affidavits, if
uncontroverted, setting forth such facts as would be admissible in evidence;
otherwise, the parties shall submit evidence. The court may make all such orders
including orders concerning the care, preservation or disposition of the property . . .
as justice may require. 


 

Id. 

 The district court found that (i) at the time McEwen filed her application for writ of
garnishment, Zeecon had not filed a supersedeas bond to suspend the enforcement of the underlying
judgment, (ii) McEwen incurred $500.00 in attorney's fees prior to the bond being filed and costs
in the amount of $330.00, (iii) American Bank incurred $500.00 in responding to the writ of
garnishment, (iv) American Bank was an innocent holder of funds in dispute, (v) American Bank
answered the writ in accordance with rule 665 of the rules of civil procedure, (vi) the parties did not
controvert American Bank's answer, and (vii) American Bank served its answer on Zeecon in
accordance with rule 21 of the rules of civil procedure. 

 Consistent with Zeecon's position in its briefing and the unchallenged findings of
fact, (3) I would conclude that the district court dissolved the writ of garnishment and ordered the
disposition of the garnished funds based upon Zeecon's filing of the supersedeas bond in the
underlying litigation and that, as part of its order dissolving the garnishment based upon the
supersedeas bond, the district court had jurisdiction over the garnished property and was authorized
to order the disposition of the garnished funds to parties other than the judgment debtor. See id.;
McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986) (unchallenged findings of fact are
binding on an appellate court unless the contrary is established as a matter of law or if there is no
evidence to support the finding). (4) 

 The reasoning in Cantu v. Butron, 905 S.W.2d 718, 720 (Tex. App.--Corpus Christi
1995, writ denied), is instructive. In Cantu, as here, the trial court dissolved a writ of garnishment
based upon a judgment debtor filing a supersedeas bond in an underlying litigation after the
garnishee bank had filed an answer in the garnishment proceeding, and the issue on appeal concerned
the payment of fees arising from the garnishment proceeding. See id. The judgment debtor
contended on appeal that the trial court erred in ordering the judgment debtor to pay the garnishee
bank's attorney's fees because the garnishor was the party that filed the motion to dissolve. Id. 
Citing rule 677 of the rules of civil procedure, our sister court concluded that the bank was not
discharged on its answer but on "these intervening events" [the supersedeas bond] and, in that
situation, it was within the trial court's discretion to determine which party should bear the
garnishee's expenses upon dissolution of the writ. See id.; see also Tex. R. Civ. P. 677. Similarly,
it was within the district court's discretion here to determine the party to bear expenses upon
dissolution of the writ based on Zeecon's filing of a supersedeas bond after judgment in the
underlying litigation. See also General Elec. Capital Corp. v. ICO, Inc., 230 S.W.3d 702, 705 (Tex.
App.--Houston [14th Dist.] 2007, pet. denied) (review of trial court's ruling on motion to dissolve
writ of garnishment is abuse of discretion). 

 The majority reverses the district court's disposition of the garnished funds based
upon its finding that the "record in this case contains conclusive proof that McEwen failed to comply
with the rule 663a requirement that the garnishor serve the judgment debtor with a copy of the writ
of garnishment, the application for the writ, accompanying affidavits, and orders of the court." 
See Tex. R. Civ. P. 663a. Based upon this finding, the majority then concludes that the district court
did not acquire jurisdiction over Zeecon's property. See Mendoza v. Luke Fruia Invs. Inc.,
962 S.W.2d 650, 652 (Tex. App.--Corpus Christi 1998, no pet.) (trial court erred in granting writ
of garnishment; court has no control or custody of debtor's property unless debtor properly served);
Walnut Equip. Leasing v. J-V Dirt & Loam, 907 S.W.2d 912, 915 (Tex. App.--Austin 1995, writ
denied) (voluntary appearance by debtor in garnishment proceeding does not cure a garnishor's
failure to serve the debtor). That a garnishment judgment may be void based upon a garnishor's
failure to serve the judgment debtor in accordance with rule 663a, however, is not dispositive here. 

 Although the district court did not expressly find--and the record does not
show--that McEwen served Zeecon with a copy of the writ of garnishment, the application, and
accompanying affidavits in accordance with rule 663a, I cannot join the majority's conclusion that
the proof was conclusive that McEwen did not do so. See Tex. R. Civ. P. 663a; see also Tex. R.
Civ. P. 21a (methods of service). The majority relies not upon evidence in the record but upon
statements in Zeecon's brief that McEwen did not properly serve Zeecon and McEwen's failure to
contend otherwise. But it was Zeecon's burden "to see that a sufficient record [was] presented to
show error requiring reversal." See Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990);
Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987); Cantu, 905 S.W.2d at 720. 
The district court states in its order that it heard evidence at the hearing on Zeecon's motion. Absent
a record of the hearing, we must presume that adequate evidence was presented at the hearing
to support the trial court's order authorizing the disbursement of the garnished funds. See Simon,
739 S.W.2d at 795; Cantu, 905 S.W.2d at 720.

 On this limited record, I would affirm the district court's order. 

 

 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Jones, Justices Patterson and Puryear

Filed: January 20, 2010
1. Appellees did not file briefs with this Court. The attorney of record for McEwen filed a
letter with this Court stating that the cost to prepare and file a brief would exceed the amount in
controversy and urging that Zeecon had failed to show error in its brief. 
2. Texas Rule of Civil Procedure 663a provides in relevant part:


 The defendant shall be served in any manner prescribed for service of citation or as
provided in Rule 21a with a copy of the writ of garnishment, the application,
accompanying affidavits and orders of the court as soon as practicable following the
service of the writ.


Tex. R. Civ. P. 663a. Section 63.001(3) provides in relevant part: "A writ of garnishment is
available if . . . a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within
the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution
sufficient to satisfy the judgment." Tex. Civ. Prac. & Rem. Code Ann. 63.001(3) (West 2008);
see also Tex. R. Civ. P. 658 (application for writ of garnishment "shall be supported by affidavits
of the plaintiff, his agent, his attorney, or other person having knowledge of relevant facts"). 
3. Zeecon states in its appellant brief that the district court "granted [Zeecon's] motion to
dismiss and dissolve the writ of garnishment based upon a supersedeas bond being filed." Despite
Zeecon's concession in its briefing and the majority's recognition that the district court's findings
of fact and conclusions of law "suggest that the court may have been motivated, at least in part, by
the fact that Zeecon had, by then, filed a supersedeas bond," the majority concludes that the district
court's basis for dissolving the writ has no bearing on the outcome of this appeal. But the district
court's findings of fact "form the basis of the judgment." See Tex. R. Civ. P. 299.
4. There is authority that McEwen, as a garnishor in a garnishment action, is not entitled to
the award of attorney's fees, but Zeecon did not raise this ground for reversing the award of
attorney's fees with the district court or with this Court and has failed to preserve this issue for our
review. See Tex. R. App. P. 33.1(a); General Elec. Capital Corp. v. ICO, Inc., 230 S.W.3d 702, 710 
(Tex. App.--Houston [14th Dist.] 2007, pet. denied) (noting that rule 677 does not provide for a
garnishor's recovery of attorney's fees). In contrast, a garnishee may recover its costs from the
judgment debtor when the garnishee files an uncontroverted answer pursuant to Texas Rule of Civil
Procedure 677. See Tex. R. Civ. P. 677 ("[W]here the answer of the garnishee has not been
controverted and the garnishee is held thereon, such costs shall be taxed against the defendant
[judgment debtor] and included in the execution provided for in this section."). The term "costs"
in this rule has been interpreted to include attorney's fees. See General Elec. Capital Corp.,
230 S.W.3d at 710; Henry v. Insurance Co. of N. Am., 879 S.W.2d 366, 369 (Tex. App.--Houston
[14th Dist.] 1994, no writ).