**Opinion issued September 1, 2020**



In The

# Court of Appeals

For The

## First District of Texas

———————————

**NO. 01-18-01002-CV**

———————————

**JERALD A.  BROWN, Appellant**

**V.**

**WELLS FARGO BANK N.A., Appellee**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-61662-A**

---

### MEMORANDUM OPINION

Appellant, Jerald A. Brown, has filed a notice of appeal of the trial court's November 2, 2018 final judgment in his garnishment suit.  Judgment debtors, Anthony R. Sueing, Sr., Frontline Recovery and Consulting, Inc., and Frontline

Recovery and Consulting North, Inc.,[1] have filed a motion to dismiss Brown's appeal for lack of jurisdiction and a motion for sanctions, asserting that the trial court vacated its November 2, 2018 final judgment and Brown's garnishment suit was dismissed after the judgment debtors superseded the judgment in the underlying case, which is also on appeal in this Court.[2]

Generally, this Court has civil appellate jurisdiction over final judgments or interlocutory orders specifically authorized as appealable by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Although Brown seeks to appeal the trial court's final judgment in Brown's garnishment suit signed on November 2, 2018, on November 6, 2018, the trial court vacated its November 2, 2018 final judgment. *See* TEX. R. CIV. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected,

---

[1] "A post-judgment garnishment proceeding is a quasi in rem action brought by a judgment creditor (the garnishor) against another party (the garnishee) who holds property or funds belonging to the judgment debtor." *Barrow v. Wells Fargo Bank, N.A.*, 587 S.W.3d 137, 139 (Tex. App.—Fort Worth 2019, no pet.); *see generally* Tex. R. Civ. P. 661. Because the judgment debtor's property is at stake in a garnishment proceeding, the judgment debtor has standing to participate in the proceeding, including by filing a motion to vacate or dissolve a writ of garnishment. *Id.*; *see* TEX. R. CIV. P. 664a. Here, Brown is the judgment creditor or garnishor and appellee, Wells Fargo Bank N.A., is the garnishee.

[2] The underlying case is *Jerald A. Brown v. Anthony R. Sueing, Sr., Frontline Recovery and Consulting, Inc., and Frontline Recovery and Consulting North, Inc.*, Cause No. 2015-61662, previously pending in the 333rd District Court of Harris County, Texas. On October 22, 2019, the judgment debtors filed, in this Court, their notice of appeal of the trial court's August 15, 2018 final judgment in the underlying case. That appeal is currently pending in appellate cause no. 01-18-00939-CV.

2

has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."). After the trial court vacated its November 2, 2018 final judgment, there was no appealable final judgment or interlocutory order. *See Zapata v. Clear Creek Indep. Sch. Dist.*, No. 01-15-00346-CV, 2015 WL 7737626, at *1 (Tex. App.—Houston [1st Dist.] Dec. 1, 2015, no pet.) (mem. op.); *see also Saenz v. Thorp Petroleum Corp.*, No. 04-10-00837-CV, 2011 WL 1303802, at *1 (Tex. App.—San Antonio Apr. 6, 2011, no pet.) (mem. op.) (although summary-judgment orders were final and appealable when notice of appeal filed, when trial court subsequently vacated severance order during its plenary-power period, summary-judgment orders were no longer final and appealable).

Brown argues that we have jurisdiction over his appeal because his notice of appeal encompasses the trial court's other November 2, 2018 order, which vacated and dissolved the writ of garnishment. But if the judgment debtors supersede the judgment in the underlying case after a writ of garnishment issues, the trial court may dissolve the writ on the judgment debtors' motion. *See Cantu v. Butron*, 905 S.W.2d 718, 719–20 (Tex. App.—Corpus Christi–Edinburg 1995, writ denied); *see also* TEX. R. APP. P. 24.1(f); TEX. R. CIV. P. 657. The filing of a supersedeas bond "preserves the status quo of the matters in litigation as they existed before the issuance of the order or judgment from which an appeal is taken." *Alpert v. Riley*,

3

274 S.W.3d 277, 297–98 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (internal quotations omitted)).

Here, the judgment debtors superseded the August 15, 2018 final judgment in the underlying case.[3]  Because the filing of a proper supersedeas bond suspends execution of a judgment, an appeal of the dismissal of the enforcement proceeding is not justiciable. *See* TEX. R. APP. P. 24.1(f); *cf. Elliott v. West*, Nos. 01–09–00747–CV, 01–09–01084–CV, 2011 WL 1233484, at *2 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet.) ("The only issue to be tried in a garnishment proceeding is who is entitled to the funds involved in the proceeding.").  Thus, even if Brown's notice of appeal encompasses the trial court's other November 2, 2018 order, which vacated and dissolved the writ of garnishment, nothing is presented for review.

Accordingly, we grant the judgment debtors' motion to dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.1(a)(1), 43.2(f).

We deny the judgment debtors' motion for sanctions. *See* TEX. R. APP. P. 45; *Polignone v. Bulldog Chemicals, LLC*, No. 01-16-00633-CV, 2018 WL 4128002, at *7 (Tex. App.—Houston [1st Dist.] August 30, 2018, no pet.) (mem. op.) ("The

---

[3]  To the extent necessary, we take judicial notice of the records filed in the judgment debtors' related appeal. *See  In re Chaumette*, 456 S.W.3d 299, 303 n.2 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation.").


Julie Countiss
Justice

Panel consists of Justices Keyes, Landau, and Countiss.