(No. 2216.   Oct. 15, 1919.)

# UPJOHN CO. v. BOARD OF COMMISSIONERS OF SOCORRO COUNTY (STEPHENSON, Intervener).

(Rehearing Denied Dec. 1, 1919.)

### SYLLABUS BY THE COURT

1.   Service of the writ of garnishment, to be valid, must be made by the sheriff, or his deputy.        P. 530

2.   Jurisdiction of the subject-matter in garnishment cases discussed, and **held**, that a judgment against a garnishee, where service of writ was made by a person other than the sheriff, was void, and the court was vested with power to set aside and vacate such a judgment at any time.        P. 531

Appeal from District Court, Socorro County; M. C. Mechem, Judge.

Action by the Upjohn Company against Jno. H. Sanford with garnishment against the Board of County Commissioners of Socorro County, and intervention by Bessie G. Stephenson. Intervener's motion to strike the writ of garnishment granted, and garnishment proceeding dismissed, and plaintiff appeals. Affirmed.

M. C. SPICER, of Socorro, for appellant.

Service of writ was made according to law and gave court jurisdiction of garnishment proceedings.

Secs. 2528, 2532, 4093, Code 1915; Black's Law Dictionary p. 1137; 7 Words & Phrases p. 6787; Western H. & I. Co., v. Bank 9 N. M. 4; Territory v. Digneo 15 N. M. 157; State ex Rel, County Com'rs. vs. Romero, 19 N. M. 6; Territory v. Matson 16 N. M. 142; Territory v. Riggle 16 N. M. 719.

The court erred in quashing the writ of garnishment on the application of Bessie G. Stephenson, even though she may have shown by her petition sufficient interest in the funds garnished to permit her to intervene.

Code, 1915, Sections 2543, 4296, 4297; Reinertsen v. Bennet et al. 185 S. W. 1027 (Tex); Norwood v. Vorhees 29 So. 680 (Ala); Merrill v. Vaughn, 24 So. 580 (Ala); Railway Co. v. Carstens, 37 So. 566 (Fla.); Grocery Company v. Thompson, 63 So. 187 (Miss.); Standard Imp. Co. v. Lansing, 48 Pac. 638 (Kan.); Cohn v. Ford, 8 So. 477 (La.); Winslow v. Bracken, 57 Ala. 368; Ballow v. Young, 103 Pac. 623 (Okla.); 10 Standard Ency. of Proc. 599, 600, notes 96, 97, 98, 99, 1, 2, 3; 14 Standard Encyc. of Proc. 328-332; 4 Cyc. 740; 20 Cyc. 1135; 6 Corpus Juris 429; Romero v. Wagner, 3 N. M. 371.

The court had no jurisdiction to set aside and vacate the judgment rendered in favor of appellant and against garnishee.

Secs. 4227, 4230, Code 1915; Chap. 15, Laws 1915; Bank v. Swartz, 162 Pac. 352 (N. M.); Coulter v. County Com'rs, 158 Pac. 1086 (N. M.); Fullen v. Fullen, 21 N. M. 229; Ortega v. Vigil, 158 Pac. 487 (N. M.); Weaver v. Weaver, 16 N. M. 98; State Ex Rel. Baca v. Board of County Com'rs, 165 Pac. 213, (N. M.).

WILLIAM J. EATON, of Socorro, for appellee Board of County Commissioners.

''Courts have inherent power to set aside and vacate a judgment for cause,'' State v. Watson, 78 A. S. R. 871; People v. Greene, 5 A. S. R. 448; Gille v. Emmons, 62 A. S. R. 609; Norton v. Atchison etc. Ry. Co., 33 A. S. R. 198.

A void judgment will be vacated at any time:

People v. Greene, 5 A. S. R. 448; Wharton v. Harlon, 68 Cal. 422; Mills v. Dickson, 6 Rich. 487.

A. R. MACDONELL, of Socorro, for appellee Stephenson.

In absence of legal service of writ, court was without jurisdiction of the property.

Fletcher v. Wear, 61. Mo. 531; 40 Conn. 401, 248; 81 Mo. 530; Haley v. Railroad, 80 Mo. 114.

Writ must be served by sheriff; Secs. 4308, 2632, Code 1915; 20 Cyc. 1030.

20 Cyc. 1049, Ringold v. Dooley, 89 Mo. 111; Fletcher v. Wear, 81 Mo. 524; Colburn v. F. Insurance Co. 74 Mo. App. 863; 40 Pac. 471, 10 Iowa, 593; Edwards v. Cuss, 152 Pac. 852.

## OPINION OF THE COURT

PARKER, C. J.   On July 2, 1917, the appellant, the Upjohn Company, a corporation, instituted an action in the district court for Socorro county, against Jno. H. Sanford. The action was based upon a judgment theretofore rendered in the district court for Socorro county against the defendant Sanford and in favor of the appellant, in the sum of $246.60.   On the same day the appellant filed its application for a writ of garnishment against the board of county commissioners of Socorro

county, on the theory that the said board had moneys and effects in its possession of the property of the defendant Sanford. The writ issued in the usual form and upon the same day was served upon the said board, as garnishee, by a private citizen over the age of 18 years.

On July 7, 1917, the board of county commissioners made answer to the writ, stating in substance that it was indebted to Sanford in the sum of $718, for services rendered in 1916 by him as county physician; that assignment thereof was made to the Socorro State Bank on April 13, 1917, the assignment being filed of record on June 28, 1917; that said board was indebted to Sanford in the sum of $180, for services rendered by him in 1917 as county physician, and was also indebted to him in the further sum of $106.50 on account of traveling expenses incurred by him in the performance of his duties.

On July 28, 1917, the garnishee, the board of county commissioners filed a supplemental answer, to the effect that since the filing of its first answer and on July 27, 1917, it was advised by Bessie G. Stephenson, through her attorney A. R. Macdonnell, that Sanford assigned the fund of $286.50 to Macdonnell on July 9, 1917, in payment of an indebtedness owing Bessie G. Stephenson and said attorney.

On August 1, 1917, Bessie G. Stephenson filed a petition of intervention in the cause, alleging about the same facts as were stated in the supplemental answer of the garnishee, but in addition moved to quash the writ of garnishment on the grounds: (1) That the court was without jurisdiction because the service of the writ was not made by the sheriff; and (2) that no execution was issued on the judgment pleaded in the complaint.

On August 3, 1917, the appellant moved to strike the petition of intervention upon four separate grounds, and on August 16, 1917, the court denied the motion to strike the petition of intervention and granted the motion of intervener to strike the writ of garnishment.

On August 17, 1917, the appellant moved for a judgment on the pleadings against the garnishee; the motion being based upon the following grounds: (1) That the answer of the garnishee admits it is indebted to defendant Sanford in the sum of $286.50; (2) that the petition of intervention shows that the intervener had no interest in said funds on July 3, 1917; (3) that the appellant is entitled to a judgment under section 2528 Code of 1915; and (4) that the filing of the petition of intervention constitutes a general appearance and a waiver of defects in the service of the writ of garnishment upon the garnishee. The motion was granted upon the first and third grounds and judgment entered against the garnishee for the sum of $255.35.

On August 28, 1917, the garnishee moved to set aside the judgment rendered against it, on the grounds that the garnishment laws did not apply to it and that it was contrary to public policy to subject the county to the writ of garnishment. Thereafter an additional motion to vacate the judgment was filed by the garnishee, but it simply stated facts of the same character as those stated in the first motion to vacate. On October 15, 1917, the court granted the motions to vacate the judgment on the grounds therein stated, and on the further ground that a "county cannot be held bound in law for the negligence of its agents and servants in failing to protect its rights in court proceedings." The appellant stated that he would stand on his rights in the premises, and the court thereupon entered a judgment of dismissal of the garnishment proceedings, from which the appellant appeals.

[1] The appellant asserts that the service of the writ of garnishment by a person over the age of 18 years was in conformity to law.

Section 2528, Code 1915, provides that the writ of garnishment shall be "directed" to the sheriff. Section 2529, Code 1915, in speaking to cases where the plaintiff files interrogatories, provides that in such cases a copy

of the interrogatories shall be served by the sheriff "with the copy of said writ." Section 2533, Code 1915, provides:

"The said writ of garnishment shall be served by delivering a copy thereof　*　*　*　to the garnishee, and the officer serving the same shall make return thereof as in case of ordinary summons."

The statutes thus far considered leave no room for judicial construction. It is manifestly plain that the sheriff is the person designated to make service of the writ of garnishment and return thereof. The section upon which appellant relies is section 4093, Code 1915, which provides:

"In civil causes summons and copy of complaint may be served by · the sheriff of the county　*　*　*　or by any other person not a party to the action, over the age of eighteen years,　*　*　*"

Garnishment is, of course, a civil action; but the section last mentioned does not in any manner affect section 2533, supra. It speaks to summons in the ordinary civil case and not to the process of garnishment. Consequently, as the statute required the writ to be served by the sheriff, where not disqualified, the service thereof by a person other than the sheriff was invalid.

[2] The vital proposition in this case concerns the right and power of the trial court to set aside and vacate the judgment rendered by it in favor of the appellant. Reverting to the facts, it will be observed that the writ of garnishment was served by a person not authorized to make service thereof; that the garnishee made answer to the writ without attacking the jurisdiction of the court in the premises; that the court struck the writ from the files, upon the motion of the intervener, rendered judgment against the garnishee and in favor of the appellant, and thereafter set aside that judgment and dismissed the action of garnishment. The proposition is argued by the appellant upon the premise that the court had lost control of the judgment at the time it set it aside, and the appellant's position would be sound but

for the fact that this case falls within one of the excep-
tions to the rule stated in the case of Fullen v. Fullen,
21 N. M. 212, 229, 153 Pac. 294, wherein the court held:

"In this jurisdiction, by reason of section 4185, Code 1915,
there are no terms of court except for jury trials, and a
judgment  *  *  *  becomes a final judgment upon its ren-
dition and entry, in the sense that the same passes from
the further control of the court, and except a. default judg-
ment,  *  *  *    and an irregularly entered judgment,
  *  *  *  and except for such purposes as all courts al-
ways retain control over their judgments."

In garnishment cases the court acquires jurisdiction
of the person of the garnishee by service of the writ to
the same effect as service of summons in the ordinary
case.   The writ commands the garnishee to appear be-
fore the court within a designated time and under oath
make answer as to what, if anything, he is indebted
to the defendant.   Section 2528, Code 1915.   That jur-
isdiction of the person of the garnishee may be acquired
by the court without service of the writ of garnishment
by the general appearance of the garnishee, or his par-
ticipation in the case, is as true as that jurisdiction of
the person of a defendant in an ordinary case may be
acquired by his general appearance or participation in
the case, without service of any process whatever.   In
ordinary cases jurisdiction of the subject-matter is ac-
quired by the concurrence of the law, defining the sub-
jects of the jurisdiction of the court, and the invoking of
that jurisdiction by proper pleadings.   In garnishment
cases, however, something more is required.   The court
must be vested with the power to hear and determine
the subject-matter, as in ordinary cases, as well as to
make disposition of certain property brought before the
court.   The object of garnishment actions is to appro-
priate personal property of the defendant in the hands
of the garnishee, and constructively, at least, place it
in custodia legis pending its disposition by the court.
That such is its object in this state is clearly evidenced
by section 2531, Code 1915, which provides that the ser-
vice of the writ, as provided by law, shall have the effect
of attaching the property of the defendant in the hands

of the garnishee, and section 2535, which concerns the
obligations of the garnishee after service of the writ.
The appropriation of such property, and its consequent
constructive delivery, custodia legis, is effected by ser-
vice of the writ in the manner provided by law, and not
by any act of the parties in the premises.    The proceed-
ing is wholly statutory, and compliance with the statute
is essential to confer upon the court jurisdiction of the
res.    The action, in its nature, is a dual proceeding, mov-
ing against the garnishee in personam, to compel him
to answer and disclose what, if any, property and estate
of defendant he has in his hands, and to hold the same
subject to the order of the court, and against the pro-
perty and estate itself, to extinguish the right of the
defendant in it by condemnation and the appropriation
of it to the satisfaction of the plaintiff's claim.    12 R.
C. L. "Garnishment," § 5.

Bristol v. Brent, 36 Utah, 108, 103 Pac. 1076, 140 Am.
St. Rep. 804, 21 Ann. Cas. 1125, considered a leading
case, deals elaborately with propositions akin to those
urged in this case, and therefore we liberally quote from
that case, as follows:

"It is contended by counsel for appellant that the ob-
jections to the service and jurisdiction came too late, since
they were not interposed until after the garnishee had ap-
peared and answered to the writ of garnishment, and had
by its answer admitted that it was indebted to the defend-
ant, that by its appearance and answer the garnishee waived
all defects, if any, in the service of the writ of garnishment,
and thus conferred jurisdiction, not only over its person,
but of the res as well.  Upon this question the authorities
are  *  *  *    in hopeless conflict.  We have already held
that the garnishee may not waive jurisdictional defects by a
general appearance; that is, he cannot confer jurisdiction
over the res by a voluntary appearance [citing case].  Re-
specting the effect of a general appearance by a garnishee
the rule is stated in 20 Cyc. 1057 in the following language:
'In the majority of jurisdictions the rule is laid down that
a voluntary general appearance on the part of the garnishee
waives all irregularities in garnishment proceedings, such as
defects in the writ or summons, or in its service, **at least in
so far as the rights of the garnishee are thereby affected.**
(Italics ours.)  In support of this text cases from twenty-
two states are cited.  We have carefully examined cases

from every one of the jurisdictions, and have also examined others not referred to in Cyc. Many of the cases support the text not italicized as given in Cyc. in full, while a few of those cited support only that portion of the text which has been italicized. It is not practical to enter upon a review of all the cases cited. We remark, however, that from a very careful examination of them we have become convinced that nearly all courts that have taken the pains to examine into the subject thoroughly refuse to enforce the doctrine of waiver except to the extent that the garnishee can waive such defects in process and service only as affect him personally, and cannot by any act of his either waive the rights of the defendant or confer jurisdiction over the res. The decided cases also disclose that the courts which extend the doctrine of waiver beyond this almost without an exception do so upon the general principle, namely, that a party by a general appearance waives defects in process and in the service thereof. If nothing were involved in attachment by garnishment except to obtain jurisdiction over the person of the garnishee, the doctrine announced by those courts would no doubt be sound. * * * In case of an attachment of a debt by garnishment, the writ of garnishment performs the functions of a writ of attachment, and a debt owing by the garnishee to the defendant may be attached by due service of such writ upon the garnishee. In such a proceeding, in order to confer jurisdiction upon the court, two things are essential: (1) Jurisdiction of the person of the garnishee; and (2) jurisdiction of the debt owing by the garnishee to the defendant, which constitutes the res."

### The court then said:

"Whether the court has jurisdiction over the res or not therefore does not depend on whether the garnishee objects, but it depends entirely on whether the statute by virtue of which alone the court is authorized to act has been complied with. If the return of the officer discloses an essential defect in this regard, the court is without power to proceed, and hence should arrest the proceedings on its own motion.

"After a very careful examination of all the authorities that we could find relating to the subject, and after mature consideration, we have come to the conclusion that the doctrine of waiver by the garnishee does not extend to jurisdictional defects, and that a failure to comply with the statute in making service upon the garnishee is jurisdictional, for the reason that it is only by a strict compliance with the statute in respect to service that the court acquires jurisdiction of the debt, * * * and this debt constitutes the res which the garnishee may not voluntarily surrender

or place in the custody of the law. It is the mandate of the law when complied with, and not the act of the garnishee, that confers jurisdiction upon the court over the res. While the garnishee may surrender his own person to the jurisdiction of the court, he may not voluntarily surrender the property of the defendant."

After quoting from Rood on Attachments, and other authorities, the court proceeds:

"Is it not pertinent to ask, if the garnishee cannot confer jurisdiction of the debt by a voluntary appearance, how can he do so by waiving defects in the service? The answer, to us at least, seems inevitable, namely, because the act of the garnishee is no substitute for what the statute requires in order to make a valid attachment of a debt, and unless and until the statute is complied with there is no attachment, and without an attachment there can be no jurisdiction of the res"—citing authorities.

See, also, list of cases cited in note to foregoing case, in 21 Ann. Cas., supra, and Penn. R. R. Co. v. Rogers, 62 L. R. A. 178 (52 W. Va. 450, 44 S. E. 300).

Obviously, the trial court was without power to render a judgment against the garnishee in the first instance, because the court was without jurisdiction of the res. A judgment rendered without jurisdiction is, of course, void.

The case of Fullen v. Fullen, supra, recognized that there were certain classes of judgments which remained under the control of the court at all times, and, while no mention therein was specifically made to void judgments, the exception to the general doctrine includes them. It is well established that void judgments may be set aside at any time by the court rendering them. In Black on Judgments (2d Ed.) § 307, it is said:

"It was intimated in the last section that a judgment which is entirely void may be set aside at a subsequent term. And this is the general doctrine of the cases. Every court possesses inherent power to vacate entries in its record of judgment, decrees, or orders rendered or made without jurisdiction, either at the term at which the entries are made or after its expiration. This rule applies not only where there is a want of jurisdiction over the parties, but also where jurisdiction of the subject-matter is lacking. * * *"

See, also, 15 R. C. L. "Judgments," § 144; 15 Enc. P. & P. 232; and 23 Cyc. 905.

We hold that service of the writ of garnishment by a person other than the sheriff, or his deputy, is invalid, and that, the court not having acquired jurisdiction of the res in the manner prescribed by statute, a judgment rendered by it in the premises is void and may be set aside at any time by it. The decision on these propositions makes it unnecessary to discuss other propositions contained in the briefs of the parties.

The judgment of the trial court will therefore be affirmed, and it is so ordered.

Roberts and Raynolds, J.J., concur

(Rehearing Denied Dec. 1, 1919.)