PARKER–MORGAN LUMBER CO. v. PARRISH. (No. 1474.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 27, 1927.)

1. Garnishment ⬉88—Overruling motion to quash affidavit in garnishment, that defendants in judgment had property sufficient to satisfy judgment, held error (Rev. St. 1925, art. 4076).

Under Rev. St. 1925, art. 4076, stating requisites of affidavit in garnishment, overruling motion to quash affidavit, that defendants in judgment had property in their possession sufficient to satisfy it, was error.

2. Appeal and error ⬉20—Garnishment ⬉86—Where defect in affidavit rendered garnishment void, neither trial nor appellate court has jurisdiction beyond quashing proceeding.

Where allegation in affidavit in garnishment that defendants in judgment had property sufficient to satisfy it rendered garnishment proceeding void, neither trial court nor appellate court has jurisdiction beyond quashing proceeding.

Appeal from Shelby County Court; F. C. Powell, Judge.

Garnishment by E. H. Parrish against S. A. McDaniel, in which the Parker-Morgan Lumber Company and others intervened. From an adverse judgment, the named intervener appeals. Reversed and remanded.

E. J. McLeroy, of Center, for appellant.
D. R. Taylor, of Center, for appellee.

WALKER, J. This was a suit in garnishment by appellee, E. H. Parrish, against S. A. McDaniel, garnishee, wherein Parrish made affidavit that he held a valid and unsatisfied judgment against H. Kitchen and L. W. Palmer in the sum of $741.40, and "that said defendants have, within the knowledge of plaintiff or the person making affidavit in support of this application, property in their possession within this state subject to execution sufficient to satisfy this judgment," etc. As garnishee, McDaniel filed the statutory answer, alleging that he was due L. W. Palmer $431.77, the balance under the contract price of a house that Palmer was building for him, but that labor and materialmen named by him in his plea, had duly filed their claims against him for work done, and material furnished, in the sum of $558.46. In connection with his answer, McDaniel tendered into court the balance due under his contract, and asked the court to make disposition thereof under the pleadings as made by the parties. Appellant, Parker-Morgan Lumber Company, was one of the claimants listed by McDaniel in his answer as holding a claim of $272. All the claimants named by McDaniel intervened in this cause, and Parker-Morgan Lumber Company joined with McDaniel in filing a motion to quash the garnishment proceedings on the ground that the affidavit was defective.

Parrish did not controvert the answer of McDaniel. The court overruled the motion to quash and heard proof on the issues, which, without controversy, showed that all the claimants, including appellant, the Parker-Morgan Lumber Company, had duly perfected their claims against the unpaid balance of the contract price due by McDaniel to Palmer. Judgment was entered, directing that all the claimants except the Parker-Morgan Lumber Company be satisfied out of the funds tendered into court, with all costs incurred in the proceeding, and that the balance be paid to plaintiff, Parrish, and that the Parker-Morgan Lumber Company recover nothing.

Opinion.

[1] The court erred in overruling the motion to quash the affidavit in garnishment. Under article 4076, Revised Civil Statutes 1925, where the plaintiff has a valid, subsisting judgment, it is necessary for him to make affidavit "that the defendant has not, within his knowledge, property in his possession within this state, subject to execution, sufficient to satisfy such judgment." As against the provisions of this statute, the plaintiff made affidavit that the defendants in the judgment did have property in their possession sufficient to satisfy the judgment. Construing this article, the Supreme Court, in Buerger v. Wells, 110 Tex. 566, 222 S. W. 151, said:

"The plain effect of the statute is that a plaintiff in a suit for debt against more than one defendant, cannot call strangers into court on a writ of garnishment, subjecting them to

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the inconvenience of the proceeding and possible hazard, if either of the defendants has property within the State subject to execution from which he may make his debt. Garnishment is but a species of attachment. It is a summary proceeding. The statutes covering it should be followed with strictness. The statute requires that the affidavit state that 'the defendant' has not, within the affiant's knowledge, property, etc. Where there are two defendants, or more, in the suit, this clearly means the affidavit shall state that 'the defendants' have not such property. Garnishment is not maintained as a remedy for one able to make his debt of the property of one of his debtors in the suit, whether such debtor be primarily liable or not. The question is ruled by Willis v. Lyman, 22 Tex. 268.''

[2] Appellants ask us to render such judgment as would permit them to participate in the fund tendered into court. This we have no authority to do. The jurisdiction of the trial court over the fund in controversy depended on the validity of the garnishment proceedings, and since the defect in the affidavit rendered all the garnishment proceedings void and of no effect, neither this court nor the trial court has jurisdiction beyond quashing such proceedings and entering such judgment as will give effect to that order.

Reversed and remanded.