# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-05-00826-CV

**Zeecon Wireless Internet, LLC, Appellant**

**v.**

**Joanna McEwen, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 30349, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

### O P I N I O N

This appeal arises from a suit for a breach of a lease agreement filed by lessor, Joanna McEwen, against lessee, Zeecon Wireless Internet, LLC. Zeecon entered into a written, five-year lease agreement with McEwen to build and maintain a radio tower on McEwen's property. Zeecon paid McEwen the first month's rent upon signing the agreement and hired a laborer to dig a seven-foot hole for the installation of the tower. According to Zeecon, once the laborer dug about two feet on McEwen's property, he found blue stone rock and was unable to dig any further. Zeecon stopped the installation of the radio tower on McEwen's property and offered her $200 for cancellation of the agreement. McEwen refused Zeecon's offer and filed suit for breach of contract.

Zeecon filed a general denial in response to McEwen's petition and also responded to McEwen's Request for Disclosure pursuant to Texas Rule of Civil Procedure 194. In its response to McEwen's Request for Disclosure, Zeecon indicated that the lack of an adequate legal description

in the lease (a reference to the requirements of the statute of frauds) would be one of the legal theories asserted as a defense in the lawsuit. Specifically, Zeecon stated that "[a]lthough Plaintiff's cause of action is allegedly based on contract, it is in fact a lease, and the lease lacks adequate legal description to be enforceable."

The case was originally set for trial at 9:00 a.m. on September 23, 2005. On the afternoon of September 22, 2005, Zeecon's counsel filed a motion for continuance based upon his need to evacuate his elderly mother from Houston due to Hurricane Rita. At the time the trial court considered the motion for continuance, the trial judge indicated that he could try the case the following afternoon, September 23, but Zeecon's counsel told the court that resetting to the following day would not allow him the time he needed. The trial court then granted a continuance and the case was reset for trial a week later on September 30, 2005.

On September 23, 2005—the date of the original trial setting— Zeecon's counsel filed an amended answer formally pleading that the lease did not comply with the statute of frauds due to an inadequate description of the property.[1] On September 30, 2005, McEwen filed a motion

---

[1] At the September 30 trial, Zeecon's counsel explained why he came back from Houston and filed the amended answer on the date of the original trial setting:

> It just dawned on me why [counsel for McEwen] did oppose that motion for continuance because I had a serious situation up in Houston, which turned out to be a non-event in Houston, but nevertheless, it could have been a serious threat in that situation. . . . I did drive back early enough to file that or check my pleading and, sure enough, I failed to plead that statute of fraud as an affirmative defense, but I did file it at this time. . . .

> I would like to say one more thing. I did respond to the rules as far as providing a disclosure to [counsel for McEwen] about there not being a legal description involved in the purported lease. That was done at some time and

2

to strike Zeecon's First Amended Answer. In her motion, she acknowledged that the defense based on the inadequacy of the property description "is not a new theory to either Defendant or Plaintiff," but asserted that Zeecon's amended answer operated as an unfair surprise and that Zeecon's counsel should not be allowed to use the time granted as a result of the motion for continuance "to radically alter the procedural posture of the case." The trial court granted McEwen's motion to strike Zeecon's amended answer. Although this order is not part of the record, at the trial on September 30, the trial judge made the following statement concerning his ruling on the motion to strike:

> Well, I'm going to grant the motion to strike and I want to explain that a little bit, just so counsel will understand. I recall our telephone conference call about the continuance that I made the express suggestion that by leaving immediately it would be possible to get back for the [September 23rd] hearing and I offered to hear it that afternoon and that afternoon it does appears that you did get back in time and we could have heard the thing that afternoon, so the continuance, although I certainly take no exception to the need to extract your mother from that circumstance because all indications were that was going to be a dangerous, dangerous situation, it has somehow lead to an unfair surprise at a late date . . . .

The case was then tried to the court without the trial court considering the question of the adequacy of the property description. The court entered judgment in favor of McEwen on her claims for breach of the lease agreement. On appeal, Zeecon complains that the trial court erred in striking Zeecon's First Amended Answer and in failing to find that the lease was unenforceable under the statute of frauds.

---

when I filed that discovery, I was thinking in my own mind that I filed an answer with that same defense, but I had failed to check my pleadings well ahead of time like I should have done, but I did make a special effort to get back here and check those pleadings and timely filed an amended answer.

3

Texas Rule of Civil Procedure 63 allows parties to amend their pleadings "at such time as not to operate as a surprise to the opposite party." Tex. R. Civ. P. 63. Amended pleadings cannot be filed without leave of court "within seven days of the date of trial or thereafter." *Id.* In this case, the parties agree that Zeecon's amended answer, which was filed on September 23, seven days before the September 30 trial setting, did not require leave of court under rule 63. The only question presented under rule 63, therefore, is whether the amended answer operated as a surprise to McEwen. The trial court found that it did and struck the amended answer. We review the trial court's finding of surprise under an abuse of discretion standard.[2] *See Hardin v. Hardin*, 597 S.W.2d 347, 348 (Tex. 1980).

Our review of whether the trial court abused its discretion in granting McEwen's motion to strike turns on the trial court's finding that the addition of the affirmative defense relating to the adequacy of the property description in the lease operated as a surprise to McEwen. The record shows that Zeecon disclosed in its response to McEwen's Request for Disclosure that it would challenge the lease based on the inadequacy of the property description. This was a disclosure of the defense that was added to the pleadings on September 23. This disclosure occurred on April 22, 2005, approximately five months before trial. Additionally, the record of the September 30 trial contains a stipulation by McEwen's counsel that Zeecon did, in fact, disclose this defense in its

---

[2] A trial court's decision to strike an amended pleading will not be disturbed absent an abuse of discretion. *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex. 1980). To establish an abuse of discretion, the complaining party must demonstrate that the trial court either misapplied or misanalyzed the law or acted arbitrarily or unreasonably. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

4

response to the Request for Disclosure, and that McEwen was aware of it.[3] Lastly, the record contains a judicial admission by McEwen in her motion to strike Zeecon's amended answer that the defense relating to the property description "[c]learly . . . . is not a new theory to either Defendant or Plaintiff."

The record contains repeated concessions by McEwen that she was aware of Zeecon's assertion of the defensive theory relating to the adequacy of the property description in the lease. There is no evidence in the record controverting these concessions or supporting an allegation of surprise in any way. The record is conclusive that McEwen was aware of the defense from the outset of the case, admits that she was aware of it, and was not surprised by the inclusion of the defense in the amended answer filed seven days before trial. Accordingly, there was no basis for the trial court to find that the amended answer operated as a surprise to her. Under these circumstances, the trial court abused its discretion in striking Zeecon's amended answer on the basis of surprise. *See Dean's Campin' Co. v. Hardsteen*, No. 01-00-01190-CV, 2002 Tex. App. LEXIS 6256, at *17-21 (Tex. App.—Houston [1st Dist.] Aug. 29, 2002, pet. denied) (holding that trial court abused its discretion

---

[3] The record of the September 30 trial reflects the following discussion:

[Counsel for Zeecon]:   I did respond to the rules as far as providing disclosure to [counsel for McEwen] about there not being a legal description involved in the purported lease.

. . . .

[Counsel for McEwen]:   Your Honor, we would stipulate that that was disclosed in response to our request for disclosure . . .

5

in striking appellant's supplemental cross claim because there was no evidence of surprise in the record and appellees did not argue surprise).

Because it struck Zeecon's amended answer, the trial court did not consider the defense relating to the adequacy of the property description in the lease. This question should be considered and resolved by the trial court in a new trial. Therefore, we reverse the judgment and remand this cause for further proceedings consistent with this opinion.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Reversed and Remanded

Filed: October 19, 2006

6