# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00395-CV

**Zeecon Wireless Internet, LLC, Appellant**

**v.**

**American Bank of Texas, N.A. and Joanna McEwen, Appellees**

**FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
NO. 32423, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING**

## O P I N I O N

This appeal arises from a garnishment proceeding. Joanna McEwen (the judgment creditor and garnishor) sought to satisfy, by writ of garnishment, a judgment she had obtained against Zeecon Wireless Internet, LLC in a suit for breach of contract. McEwen initiated a proceeding to garnish funds belonging to Zeecon on deposit at American Bank of Texas, N.A. (the garnishee). The garnishment writ was issued and served on American Bank, but garnishment documents were never served on Zeecon. The district court dissolved the writ but ordered a portion of Zeecon's funds disbursed to American Bank and McEwen to compensate them for their attorney's fees and costs incurred in connection with the garnishment proceeding. By one issue, Zeecon contends that the garnishment order was invalid to the extent it disbursed funds because McEwen failed to serve Zeecon with the garnishment documents as required by Texas Rule of Civil Procedure 663a and because the affidavit supporting the writ was insufficient. We conclude that, because McEwen failed

to strictly comply with the statute and rules requiring service on the debtor in a garnishment proceeding, the portion of the district court's order purporting to distribute some of Zeecon's funds is void. Accordingly, we vacate that portion of the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In the underlying suit, McEwen sued Zeecon for breach of a lease agreement in which Zeecon agreed to build and maintain a radio tower on McEwen's property.[1] Zeecon began digging a seven-foot hole for the installation of the tower but stopped when the presence of "blue stone" rock two feet below the surface prevented it from digging any deeper. Zeecon offered McEwen $200 for cancellation of the agreement. McEwen refused this offer and filed suit for breach of contract. After a bench trial, the district court awarded McEwen $4,800 in damages for breach of contract plus pre- and postjudgment interest, attorney's fees, and costs. Zeecon filed a notice of appeal but did not immediately take action to supersede the judgment. McEwen filed an application for writ of garnishment, pursuant to which the district clerk issued a writ of garnishment to American Bank, a financial institution where Zeecon maintained an account. McEwen had American Bank served with the writ of garnishment. McEwen sent Zeecon's counsel a "notice of garnishment" stating simply that certain unidentified property owned by Zeecon had been garnished and that Zeecon had a right to seek to regain possession of the property by filing a replevy bond or moving to dissolve the writ. That notice, however, was not accompanied by a copy of the writ of garnishment itself, nor by the

---

[1] The factual background for the underlying action is taken from this Court's opinion in *Zeecon Wireless Internet, LLC v. McEwen*, No. 03-06-00826-CV, 2006 Tex. App. LEXIS 9052 (Tex. App.—Austin Oct. 19, 2006, no pet.) (mem. op.).

2

application for writ of garnishment, nor by accompanying affidavits, nor by any orders of the court, all of which are required by Texas Rule of Civil Procedure 663a to be served on the debtor. McEwen did not serve Zeecon directly with any such documents.

After the garnishment proceeding was initiated, Zeecon filed a supersedeas bond to suspend enforcement of the underlying judgment. McEwen then filed a motion to abate the garnishment proceeding pending finality of the underlying judgment. The record does not indicate how, if at all, the court disposed of this motion.

Several months later Zeecon moved to "dismiss and dissolve the writ of garnishment and suspend collection or enforcement of the judgment." Zeecon contended in its motion that (1) McEwen had failed to serve it with the application for writ of garnishment, the accompanying affidavits, and a copy of the writ of garnishment as required by rule 663a of the Texas Rules of Civil Procedure; (2) the affidavit supporting the application for the writ of garnishment was insufficient to meet the requirements of the garnishment statute; and (3) the supersedeas bond suspended enforcement of the judgment. Zeecon requested that the court suspend enforcement of the underlying judgment, "dismiss and dissolve" the writ of garnishment, and release to Zeecon the funds that were the subject of the garnishment proceeding. After a hearing on Zeecon's motion, the district court signed an order that dissolved the writ of garnishment but directed the garnishee, American Bank, to disburse the funds in the following manner:

1.  $860, consisting of $500 in attorneys' fees and $330 in court costs, to McEwen;[2]

---

[2] The figure $860 in this portion of the order appears to be a clerical error. The court awarded McEwen a total of $830 ($500 in fees and $330 in costs).

2.	$500 in attorneys' fees to counsel for American Bank; and

3.	the remaining balance to Zeecon.

Pursuant to the order, American Bank reduced the balance of Zeecon's funds on deposit with the bank by $1,330, paying that amount to McEwen and to its own attorneys, then released the remainder to Zeecon. Zeecon contends on appeal that the garnishment was invalid due to (1) McEwen's failure to comply with the service requirements of the garnishment statute, and (2) insufficiency of the affidavit supporting the application for writ of garnishment. On these bases, Zeecon argues that the district court had no authority to order the funds disbursed to any party but Zeecon.

## DISCUSSION

Garnishment is a statutory proceeding brought by a judgment creditor (the garnishor) whereby the property, money, or credits of the judgment debtor (the debtor) in the possession of another (the garnishee) may be applied to payment of the final judgment against the debtor. *See Bank One Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992); *Beggs v. Fite*, 106 S.W.2d 1039, 1042 (Tex. 1939). A garnishment proceeding is a proceeding quasi in rem, and the garnishee effectively becomes the receiver of the court, holding the property until it is determined who is entitled to it. *Cockrum v. Cal-Zona Corp.*, 373 S.W.2d 572, 574 (Tex. Civ. App.—Dallas 1963, no writ).

The remedy of garnishment is purely a creature of statute and was unknown at common law. *Beggs*, 106 S.W.2d at 1042; *Walnut Equip. Leasing Co. v. J-V Dirt & Loam*, 907 S.W.2d 912, 915 (Tex. App.—Austin 1995, writ denied). Consequently, both the Texas

4

Supreme Court and this Court have held that garnishment proceedings cannot be sustained unless they strictly conform to the statutory requirements and related rules governing such proceedings. *Beggs*, 106 S.W.2d at 1042; *Walnut Equip. Leasing Co.*, 907 S.W.2d at 915; *Hering v. Norbanco Austin I, Ltd.*, 735 S.W.2d 638, 641 (Tex. App.—Austin 1987, writ denied) ("It has long been the law of the State that if a judgment-creditor intends to avail himself of the State's aid in effecting a deprivation of property, he must strictly comply with the pertinent rules."). If any of the statutory requirements are not met, the right to have a garnishment judgment rendered against the property of the debtor fails. *See St. Louis, Brownsville & Mexico R.R. v. Dallas Cooperage & Woodenware Co.*, 268 S.W. 769, 771 (Tex. Civ. App.—Dallas 1925, no writ); *see also Hanson v. Guardian Trust Co.*, 150 S.W.2d 465, 467 (Tex. Civ. App.—Galveston 1940, writ dism'd) (proceeding in garnishment is strictly statutory, procedure to be followed in such proceedings is clearly defined by statute, and rules of equity have no place therein). This principle is broadly adhered to by our sister states.[3]

---

[3] *See, e.g.*, *Harvey v. Farms, Inc.*, 481 S.W.2d 348, 349 (Ark. 1972) ("Strict compliance with garnishment statutes and judicial process is essential to the validity of garnishment proceedings."); *TBF Fin. LLC v. Houston*, 680 S.E.2d 662 (Ga. Ct. App. 2009) (because garnishment is in derogation of common law, plaintiff may not disregard its procedural requirements and when garnishor fails to provide debtor with required notice, court is unable to grant the relief requested); *General Fin. Corp. v. Rainer*, 155 N.E.2d 833, 835 (Ill. App. Ct. 1958) (courts hold consistently that unless the terms of the statute are strictly followed the debtor will prevail); *State Bank v. McKibben*, 70 P.2d 1, 3 (Kan. 1937) (proceeding in garnishment is special and extraordinary remedy that must be strictly followed and diligently pursued and prerequisite to efficacy of the garnishment is service of summons or other process of equal potency on debtor); *Beatty v. Conner*, 923 S.W.2d 455, 460 (Mo. Ct. App. 1996) ("Jurisdiction [over the res] in a garnishment proceeding is extended as it proceeds by following the dictates of the statute.") (citing *State ex rel. Bagnell Inv. Co. v. Luten*, 647 S.W.2d 539, 541 (Mo. 1983) (compliance with statutes and rules essential to both confer and support jurisdiction over the res)); *Grissum v. Soldi*, 108 S.W.3d 803, 808 (Mo. Ct. App. 2003) ("Failure to proceed as required by statutes and rules constitutes abandonment or discontinuance of a garnishment case. When the garnishment statutes and rules are not followed, a trial court is left without jurisdiction to proceed."); *Bristol v. Brent*, 103 P. 1076, 1079 (Utah 1909) ("Whether the

Garnishment proceedings in Texas are governed by chapter 63 of the civil practice and remedies code and rules 657 through 679 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 657-79; Tex. Civ. Prac. & Rem. Code Ann. §§ 63.001-.008 (West 2008). The Texas Rules of Civil Procedure have the same force and effect as statutes. *In re City of Georgetown*, 53 S.W.3d 328, 332 (Tex. 2001).

Rule 663a of the rules of civil procedure requires that the judgment debtor be served with specified garnishment documents, and the service must be carried out in a precise way:

> The defendant shall be served in any manner prescribed for service of citation or as provided in Rule 21a with a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court as soon as practicable following the service of the writ. There shall be prominently displayed on the face of the copy of the writ served on the defendant, in ten-point type and in a manner calculated to advise a reasonably attentive person of its contents, the following:
>
> > "To _____, Defendant:
> >
> > You are hereby notified that certain properties alleged to be owned by you have been garnished. If you claim any rights in such property, you are advised:
> > "YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT."

Tex. R. Civ. P. 663a.

---

court has jurisdiction over the res or not therefore does not depend on whether the garnishee objects, but it depends entirely on whether the statute by virtue of which the court is authorized to act has been complied with.").

Rule 663a was added to the rules of civil procedure relating to garnishment actions as part of a 1978 amendment of the rules in response to several prejudgment-seizure cases decided by the United States Supreme Court. The Supreme Court had held that statutes permitting prejudgment deprivation of a person's property without notice and an opportunity to be heard violated due process. *See Fuentes v. Shevin*, 407 U.S. 67 (1972); *Sniadach v. Family Fin. Corp.*, 395 U.S. 337 (1969). Based on these cases, the Texas Supreme Court added rule 663a requiring the garnishor to serve the debtor with "a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court." Tex. R. Civ. P. 663a; *see Southwest Metal Fabricators, Inc. v. Internacional De Aceros*, 503 F.Supp. 75, 78 (S.D. Tex. 1980) ("As modified, the Rules meet the constitutional test; property may no longer be frozen without notice and a hearing."). Whether due process requires such notice in a postjudgment setting is not material to our case, because Texas law requiring service on the debtor makes no distinction between prejudgment and postjudgment garnishment proceedings. *Hering*, 735 S.W.2d at 640-41.

Rule 663a is "unambiguous in its requirement that the debtor be given notice of the garnishment and of his rights to regain his property." *Id.* at 641. The rule not only requires that the garnishor serve the debtor with the writ of garnishment and other documents, but also provides that the face of the writ must contain specific language advising the debtor of his right to regain possession of the property at issue by filing a replevy bond or by filing a motion to dissolve the writ. It also prescribes the precise language and typeface that must be used to notify the debtor of his rights. *See* Tex. R. Civ. P. 663a. Thus, the purpose of the service requirement is not only to advise the debtor that the writ has issued but also to inform him of his rights to contest the garnishment.

7

The garnishor must strictly comply with the requirement that it serve the debtor, and failure to comply is more than a mere irregularity. *Walnut Equip. Leasing Co.*, 907 S.W.2d at 915.

The record in this case contains conclusive proof that McEwen failed to comply with the rule 663a requirement that the garnishor serve the judgment debtor with a copy of the writ of garnishment, the application for the writ, accompanying affidavits, and orders of the court. McEwen does not contend otherwise.[4]

The requirement of service on the debtor is not a mere technicality but is an integral part of the statutory requirements in a garnishment proceeding. Here, this requirement was not met, and McEwen therefore did not establish the right to have a garnishment judgment rendered against Zeecon's property in the custody of American Bank. *See Beggs*, 106 S.W.2d at 1042*; Walnut Equip. Leasing Co.*, 907 S.W.2d at 915; *Hering*, 735 S.W.2d at 641; *Parker-Morgan Lumber Co. v. Parrish*, 291 S.W. 266, 267 (Tex. Civ. App.—Beaumont 1927, no writ); *St. Louis, Brownsville & Mexico R.R.*, 268 S.W. at 771 ("Garnishment rests wholly upon judicial process, and depends upon the due pursuit of the steps prescribed by law for its prosecution."). Consequently, the trial court was correct in ordering the writ dissolved.[5]

---

[4] In addition, Zeecon's brief states that McEwen never served it with the application for writ of garnishment, the supporting affidavit, or a copy of the writ of garnishment. McEwen did not file an appellate brief and does not otherwise dispute this assertion. We accept as true uncontradicted facts contained in a party's brief. Tex. R. App. P. 38.1(g).

[5] The order dissolving the writ does not state the grounds for dissolution. The trial court's findings of fact and conclusions of law suggest that the court may have been motivated, at least in part, by the fact that Zeecon had, by then, filed a supersedeas bond. No party to this proceeding complains of the dissolution itself, however, and the trial court's basis for its dissolution ultimately has no bearing on the outcome of this appeal. At issue in this case is the validity of the portion of the court's order purporting to render a judgment against the debtor's funds when the garnishor had failed to comply with the mandatory service requirement in the Texas garnishment rules.

Thus, the only issue to be decided in the present case is whether, under the circumstances, the trial court had the authority to disburse a portion of Zeecon's property to pay for costs and attorneys' fees of the garnishor and garnishee. We conclude it did not. As stated above, a judgment creditor who seeks to avail herself of the State's aid in effecting a deprivation of property must strictly comply with the pertinent rules. *Hering*, 735 S.W.2d at 640-42; *see also Abdullah v. State*, 211 S.W.3d 938, 943 (Tex. App.—Texarkana 2007, no pet.). Texas courts have held that the failure to substantially comply with the statutes and rules governing the garnishment procedure renders any judgment, other than one dissolving the writ, void. *See Merrill, Lynch, Pierce, Fenner & Smith v. Allied Bank*, 704 S.W.2d 919, 920 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("[T]he failure to substantially comply with the statutes and rules governing garnishment procedure renders the garnishment judgment void."); *Parker-Morgan Lumber Co.*, 291 S.W. at 267 ("The jurisdiction of the trial court over the fund in controversy depended on the validity of the garnishment proceedings, and since the defect in the affidavit rendered the garnishment proceedings void and of no effect, neither this court nor the trial court has jurisdiction beyond quashing such proceedings and entering such judgment as will give effect to that order.").

In the present case, this is the necessary result, because failure to properly serve the debtor deprived the trial court of jurisdiction over the debtor's property—the res. *Requena v. Salomon Smith Barney, Inc.*, No. 01-00-00783-CV, 2002 Tex. App. LEXIS 1701, at *9 (Tex. App.—Houston [1st Dist.] Mar. 7, 2002, no pet.) (mem. op.) (court does not obtain custody or control over property of debtor unless he is properly served with writ); *St. Louis, Brownsville & Mexico R.R.*, 268 S.W. at 771 (if garnishment procedures prescribed by law are not followed, right

9

to have decree entered against debtor's property fails, "for the court has acquired no jurisdiction over the money or thing in the possession of the garnishee").[6] In an *in rem* or *quasi in rem* action, a court has no authority to act unless it has acquired jurisdiction over the defendant's property, just as a court in an *in personam* action has no authority to act unless it has acquired jurisdiction over the defendant's person. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (judgment is void when court had no jurisdiction of parties or property); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) (failure to affirmatively show strict compliance with rules of civil procedure renders attempted service of process invalid and of no effect); *Levy v. Roper*, 256 S.W. 251, 252 (Tex. 1923) (judgment rendered against defendant without service of citation or waiver of service is nullity); *cf. Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 n.1 (Tex. 2006) ("Receiving suit papers or actual notice through a procedure not authorized for service is treated the same as never receiving them.").

Texas courts have also held that even the debtor's own voluntary appearance in the garnishment proceeding does not waive the rule 663a service requirement. *See Requena*, 2002 Tex. App. LEXIS 1701, at *9 ("A voluntary appearance by a debtor does not waive the right

---

[6] Our sister states similarly hold that failure to comply with all statutory requirements is fatal to the garnishment judgment because the trial court does not acquire jurisdiction over the debtor's property. *See, e.g.*, *McKibben*, 70 P.2d at 3 (garnishment procedure must be strictly followed and diligently pursued otherwise it will not be given effect to reach assets of debtor in hands of third party); *Insurance Co. of N. Am. v. Issett*, 269 N.W.2d 301, 303 (Mich. Ct. App. 1978) ("Since no affidavit was filed and the statutory requirements were not fulfilled, the court lacked jurisdiction to proceed in this matter."); *Miller v. North Am. Ins. Co.*, 195 S.W.2d 529, 531 (Mo. Ct. App. 2006) (garnishment statute is proceeding in rem and trial court's jurisdiction over res is extended as it proceeds by following dictates of statute); *Upjohn v. Board of Socorro County*, 185 P. 279, 280 (N.M. 1919) (garnishment proceeding is wholly statutory and compliance with statute essential to confer upon court jurisdiction of res).

to service of the writ. . . . Without proper service of the writ on the debtor, no control or custody of his property can be gained by his answer and appearance."); *Mendoza v. Fruia Inv. Inc.*, 962 S.W.2d 650, 652 (Tex. App.—Corpus Christi 1998, no pet.) ("Without proper service of the writ on the debtor, no control or custody of his property can be gained by his answer."); *Walnut Equip. Leasing Co.*, 907 S.W.2d at 915 ("Given the requirement that a garnishor strictly comply with the rules governing garnishment proceedings, we hold that J-V's voluntary appearance did not cure Walnut's failure to serve it with a copy of the writ."); *cf. Small Bus. Inv. Co. v. Champion Int'l Corp.*, 619 S.W.2d 28, 30 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ) ("Only irregularities such as defects in the affidavit or bond may be waived by the voluntary appearance of the debtor."). *But see Del-Phi Eng'g Assocs., Inc. v. Texas Commerce Bank-Conroe, N.A.*, 771 S.W.2d 589, 591 (Tex. App.—Beaumont 1989, no writ).

We recognize that not all defects in a garnishment proceeding will render the garnishment judgment void. *See Barton v. Montex Corp.*, 295 S.W. 950, 951 (Tex. Civ. App.—Austin 1927, no writ) (failure to follow statutory requirement that is mere irregularity that may be waived is not sufficient to render judgment void). Defects that can be waived do not invalidate a garnishment proceeding. In the present case, however, McEwen failed to comply with the service requirement mandated by rule 663a, an essential part of acquiring jurisdiction over the res in a garnishment proceeding. And, as discussed above, in the unique statutory scheme of a garnishment proceeding, it is a requirement this Court and others have held cannot be waived. Because McEwen failed to serve Zeecon as required by rule 663a, we conclude that the trial court did not have the authority to disburse to third parties some of the funds sought to be garnished.

11

Accordingly, we hold that the writ of garnishment was properly dissolved, but the portion of the judgment purporting to disburse to others a part of Zeecon's funds is void. *Merrill, Lynch, Pierce, Fenner & Smith*, 704 S.W.2d at 920. We sustain Zeecon's appellate issue.[7]

## CONCLUSION

Due to McEwen's failure to serve Zeecon with a copy of the writ of garnishment, the application for the writ of garnishment, accompanying affidavits, and orders of the court as required by rule 663a, the portion of the court's judgment purporting to disburse some of Zeecon's funds to third parties is void. Accordingly, we modify the trial court's judgment by vacating the portion of the judgment disbursing part of Zeecon's funds to McEwen and American Bank, and we affirm the judgment as modified.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Puryear
   Dissenting Opinion by Justice Patterson

Modified and, as Modified, Affirmed

Filed: January 20, 2010

---

[7] Having sustained Zeecon's issue on the basis of lack of service, we need not address the sufficiency of the affidavit supporting the garnishment application.