

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00026-CV

———————————————

ADAM I. BARROW, Appellant

V.

WELLS FARGO BANK, N.A., Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 18-8946-431

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Opinion by Chief Justice Sudderth

**OPINION**

Appellee Wells Fargo Bank, N.A., garnishor, filed an application for writ of garnishment against itself as garnishee, on September 25, 2018, to collect on its judgment against Appellant Adam I. Barrow, the judgment debtor. The writ of garnishment issued the following day, and on October 17, Wells Fargo as garnishee filed an answer. On November 16, Wells Fargo entered into an agreed final judgment with itself, awarding $6,751.44 from Barrow's Wells Fargo account to Wells Fargo, awarding $650.00 in attorney's fees against Barrow's account in favor of Wells Fargo, and assessing filing fees and court costs in the action against Barrow. On December 14, Barrow filed a motion for new trial, challenging the sufficiency of the affidavit supporting the application and agreed judgment and asserting that some of the seized money belonged to his 11-year-old son.

At the time the judgment was signed, no proof of service on Barrow was on file. *See* Tex. R. Civ. P. 663a (providing that the judgment debtor—the "defendant"—in a garnishment action "shall be served in any manner . . . provided in Rule 21a"); *see also* Tex. R. Civ. P. 21a(a)(2) (providing that "[e]very notice required by these rules . . . may be served by delivering a copy to the party to be served . . . in person, mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct"). But in an affidavit attached to its response to Barrow's motion for new trial, Thomas Sellers, attorney for Wells Fargo, as garnishor, averred

2

that in compliance with rule 663a,[1] Wells Fargo had sent Barrow the required notices and documents by first class mail and certified mail, return receipt requested on October 12, 2018. In its response to Barrow's motion, Wells Fargo argued that because Barrow was not a party to the case, he lacked standing to bring a motion for new trial.

On January 25, 2019, after hearing argument on Barrow's motion for new trial, the trial court found that Barrow did not have standing. In its written order denying the motion, which was signed on the same day, the trial court ruled, "After reviewing the evidence,[2] the court concludes that the Motion should be denied, as Adam Barrow does not have standing."

In two issues, Barrow complains that he had standing to file the motion for new trial and that the evidence was legally and factually insufficient to grant a judgment of garnishment to Wells Fargo.

---

[1]On January 24, 2019, Wells Fargo filed a supplemental affidavit by Sellers, again attesting to Rule 663a service.

[2]Notwithstanding this recitation in the written order, the trial court did not consider evidence at the hearing. After hearing only argument, the court made its oral ruling as follows,

> After considering the authorities you both cited in your oral arguments as well as your responsive brief, the Court finds that, based upon the procedural posture of this case and the capacity in which the motion for new trial was brought in Mr. Barrow's name, that he does not have standing and the motion for new trial is denied.

3

Garnishment is a statutory proceeding governed by civil practice and remedies code chapter 63 and rules of civil procedure 657–679. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 63.001–.008; Tex. R. Civ. P. 657–679. A post-judgment garnishment proceeding is a quasi in rem action brought by a judgment creditor (the garnishor) against another party (the garnishee) who holds property or funds belonging to the judgment debtor. *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992); *Zeecon Wireless Internet, LLC v. Am. Bank of Tex., N.A.*, 305 S.W.3d 813, 816 (Tex. App.—Austin 2010, no pet.). In the garnishment action, the garnishor seeks to have the property or funds held by the garnishee applied toward payment of the underlying judgment against the debtor. *Zeecon*, 305 S.W.3d at 816.

Because garnishment was unknown at common law and is "purely a creature of statute," *id.*, the Texas Supreme Court has held that garnishment proceedings "cannot be sustained unless they are in strict conformity with statutory requirements." *Beggs v. Fite*, 106 S.W.2d 1039, 1042 (Tex. 1937); *see also Zeecon*, 305 S.W.3d at 816 (observing that the supreme court has held that garnishment proceedings cannot be sustained without strictly conforming to the statutory requirements and related rules governing such proceedings). This is because the remedy of garnishment is "summary and harsh." *Beggs*, 106 S.W.2d at 1042.

To ensure a debtor's due process right to not be deprived of his property without notice and opportunity to be heard, rule 663a requires a garnishor to serve the debtor with notice of the garnishment and of his rights to regain his property. Tex. R.

4

Civ. P. 663a; *see also Hering v. Norbanco Austin I, Ltd.*, 735 S.W.2d 638, 639–41 (Tex. App.—Austin 1987, writ denied) (noting that in 1978, the Texas Rules of Civil Procedure relating to garnishment actions were amended in response to prejudgment garnishment procedures that were declared unconstitutional based on U.S. Supreme Court holdings in *Sniadach v. Family Fin. Corp.*, 394 U.S. 337, 89 S. Ct. 1820 (1969), and *Fuentes v. Shevin*, 407 U.S. 67, 92 S. Ct. 1983 (1972)). Thus, a garnishor's failure to strictly conform with rule 663a's notice requirement will result in a void judgment. *See Zeecon*, 305 S.W.3d at 818–20 (holding that "failure to properly serve the debtor deprived the trial court of jurisdiction over the debtor's property—the res," but pointing out that a "mere irregularity" is waivable and will not render the garnishment judgment void).

The supreme court has identified "three parties" to a garnishment action: (1) a creditor (the garnishor), (2) a debtor (also referred to as "the defendant"), and (3) a third person who possesses the debtor's funds or owes money to the debtor (the garnishee).[3] *Orange Cty. v. Ware*, 819 S.W.2d 472, 474 (Tex. 1991) (op. on reh'g). Thus, while the judgment debtor (the defendant) is not a "necessary party"[4] to the

---

[3]Although the rules of civil procedure provide that the garnishment action is *docketed* with the garnishor as plaintiff and the garnishee as defendant, *see* Tex. R. Civ. P. 659, in the rules, the term "the defendant" refers to the debtor, and the garnishee is referred to as "the garnishee." *See* Tex. R. Civ. P. 658–679.

[4]Rule of civil procedure 39, the "necessary party" rule, describes the necessary party and the circumstances for joinder of a necessary party as follows:

5

proceeding, he is nevertheless a party to the proceeding who has rights in the process. *Hering*, 735 S.W.2d at 642; *see also* Tex. R. Civ. P. 663a (providing the right to notice), 664 (providing the right to replevy), 664a (providing the right to have the writ of garnishment vacated, dissolved, or modified).[5]

As the judgment debtor, or "defendant" in the garnishment action, Barrow had standing to participate in the proceeding. He had standing to replevy or to file a motion seeking to have the garnishment vacated, dissolved, or modified. *See* Tex. R. Civ. P. 664–664a. But first and foremost, he had the right to notice of the

---

> A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

Tex. R. Civ. P. 39(a).

[5]Wells Fargo cites to *Missouri Pacific Railway Co. v. Whipker*, 13 S.W. 639, 639 (Tex. 1890), as "well-established" authority for the proposition that a judgment debtor is not a party to a garnishment proceeding. We note that *Whipker* predates the enactment of the rules of civil procedure and the civil practice and remedies code, which govern modern-day garnishment actions, and it predates *Orange County* by almost a hundred years. Because the law has changed in the intervening century, we decline to follow *Whipker*. We also decline to follow our sister court's holding in *Mullins v. Main Bank & Trust*, 592 S.W.2d 24, 26 (Tex. App.—Beaumont 1979, no writ)—also cited by Wells Fargo in support of its position that Barrow was not a party to the garnishment proceeding—because it, too, predates *Orange County*.

garnishment action. *See* Tex. R. Civ. P. 663a; *see also Hering*, 735 S.W.2d at 641 & n.3 (considering, without deciding, whether a defendant in a post-judgment garnishment action has a due process right or merely a rule-created right to notice). On appeal, Barrow complains of defects in service of the garnishment action.

Wells Fargo makes an interesting argument: that Barrow was required to intervene in the garnishment proceeding to acquire standing but that it was too late for Barrow to intervene once the agreed judgment had been signed. Whether Wells Fargo's approach is correct appears to be a matter of first impression. But as we see it, Wells Fargo's position, were we to adopt it, would create a quintessential catch-22 for defendants in garnishment actions.

In considering Wells Fargo's argument, we note as a practical matter that complaints regarding defective service normally occur postjudgment because that is when a judgment debtor who has not been properly served would become aware of the consequences of the garnishment action. To require a garnishment defendant to intervene in a garnishment action at a time prior to acquiring proper notice of the proceeding would render meaningless the right to notice of the proceedings in the first place because most garnishment-action defendants would learn of improper service only after it was too late to complain. Such a paradox in the law should be avoided. *See Whittlesey v. Miller*, 572 S.W.2d 665, 668 (Tex. 1978) (explaining that its holding "corrects a paradox in the law of this state").

We are not inclined to create such a catch-22 for garnishment defendants, and Wells Fargo cites no authority directing us to do so.[6] Consequently, we hold that Barrow had standing to file a motion for new trial, to be heard on the matter, and to offer evidence in support thereof. The trial court erred by holding otherwise.

Having sustained Barrow's first issue, we need not reach Barrow's second issue challenging the sufficiency of the evidence to support the judgment. Accordingly, we reverse the trial court's judgment and remand the case to the trial court to hear and consider Barrow's motion for new trial.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: September 5, 2019

---

[6]Wells Fargo cites to *Bechem v. Reliant Energy Retail Services, LLC*, 441 S.W.3d 839, 844 (Tex. App.—Houston [14th Dist.] 2014, no pet.), as authority for the proposition that as a nonparty, Barrow was required to intervene in the garnishment action to acquire standing. Wells Fargo's position appears to be based upon a misreading of one sentence in the case. In *Bechem*, our sister court states, "A debtor may controvert the garnishee's answer, however, or a third party may intervene claiming an interest in the garnished property." *Id.* Couched in the disjunctive, *Bechem* does not support the proposition that a debtor must intervene in a garnishment action to acquire standing. Furthermore, as explained above, the supreme court has identified the judgment debtor as a party to a garnishment action. *See Orange Cty.*, 819 S.W.2d at 474.

8